NEWARK MORNING LEDGER COMPANY v SAGINAW COUNTY SHERIFF

Docket No. 147311. Submitted December 7, 1993, at Lansing. Decided March 21, 1994, at 9:20 A.M.

Newark Morning Ledger Company brought an action in the Saginaw Circuit Court against the Saginaw County Sheriff, seeking access under the Freedom of Information Act to original or redacted records regarding completed internal affairs investigations conducted since 1978. The court, Robert S. Gilbert, J., granted summary disposition for the defendant, ruling that the requested records were exempt from disclosure pursuant to the FOIA. The plaintiff appealed.

The Court of Appeals *held:*

MCL 15.243(1)(t)(ix); MSA 4.1801(13)(1)(t)(ix) permits a police or sheriff's agency or department to exempt a public record from disclosure where the release would disclose personnel records of law enforcement agencies, unless in the particular instance the public interest in disclosure outweighs the public interest in nondisclosure.

In this case, the records at issue, which are appended to the personnel files of the investigated officers, are personnel records of a law enforcement agency that may be exempt from disclosure. However, the trial court failed to make particularized findings with respect to the public interest in disclosure or nondisclosure, thereby making a remand for such findings necessary.

Remanded.

*Braun Kendrick Finkbeiner* (by *Scott C. Strattard*), for the plaintiff.

*Jensen, Smith & Gilbert, P.C.* (by *Jill K. Smith*), for the defendant.

Before: TAYLOR, P.J., and REILLY and M. J. TAL-BOT,* JJ.

REILLY, J. Plaintiff appeals as of right a circuit court order granting defendant's, and denying plaintiff's, motion for summary disposition. The court determined that defendant's internal affairs investigation records were exempt from disclosure under the "personnel records" exemption of the Michigan Freedom of Information Act (FOIA), MCL 15.243(1)(t)(ix); MSA 4.1801(13)(1)(t)(ix). Because the trial court did not make sufficient particularized findings in regard to the balancing of the public interests in disclosure and nondisclosure, we remand.

Plaintiff sought access to all records regarding defendant's completed internal affairs investigations conducted since 1978, including all factual findings and determinations made by the internal affairs investigators and relevant command personnel. After defendant refused to provide the materials, plaintiff filed a complaint alleging that defendant's refusal was a violation of the FOIA. In its request for relief, plaintiff asked the court to order defendant to provide access to the documents in their original form or, alternatively, in redacted form with references to the individual officers, witnesses, and relevant investigatory and command personnel deleted.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), asserting that the records were exempt from mandatory disclosure under several sections of the FOIA and that evaluative findings of investigators were protected by a "deliberative process privilege" under the common law. According to defendant's affidavit "the results

* Circuit judge, sitting on the Court of Appeals by assignment.

of the internal investigation reports are noted and become part of an individual's personnel file."

Because defendant's affidavit failed to describe the matters being withheld, the trial court assumed the task of examining the documents in camera. See *Evening News Ass'n v Troy,* 417 Mich 481, 516; 339 NW2d 421 (1983). The court then granted defendant's motion based on the personnel records exemption, which states, in pertinent part:

> (1) A public body may exempt from disclosure as a public record under this act:
>
>       * * *
>
> (t) Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a police or sheriff's agency or department, the release of which would do any of the following:
>
>       * * *
>
> (ix) Disclose personnel records of law enforcement agencies. [MCL 15.243(1)(t)(ix); MSA 4.1801(13)(1) (t)(ix).]

Plaintiff first contends that the trial court erred in adopting defendant's assertion that all the requested documents constitute "personnel records" within the meaning of the exemption. Plaintiff argues that investigation records are not necessarily "personnel records" merely because the records are placed in personnel files. Although we agree with plaintiff that location is not determinative, we conclude that the records requested by plaintiff were "personnel records of law enforcement agencies."

The declared public policy of the state is to enable the people to fully participate in the democratic process by allowing access to information about governmental affairs and the official acts of

public officials and employees. MCL 15.231(2); MSA 4.1801(1)(2). Under the FOIA, a public body must disclose all public records that are not specifically exempted by the act. MCL 15.233(1); MSA 4.1801(3)(1). The exemptions are to be narrowly construed, and the burden of proof is on the party claiming the exemption. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 231-232; 507 NW2d 422 (1993). Even when the court chooses to conduct an in camera review, the court still must determine whether the government has met its burden of proving the claimed exemptions, and must give particularized findings of fact indicating why the claimed exemptions are appropriate. *Post-Newsweek Stations, Michigan, Inc v Detroit,* 179 Mich App 331, 337-338; 445 NW2d 529 (1989).

Because of the similarity between the Michigan and the federal FOIA, this Court and the Michigan Supreme Court have often looked to federal decisions for guidance in interpreting the various provisions. See *Evening News, supra* at 495, and cases cited therein. Unlike other exemptions, however, the Michigan personnel records exemption does not mirror a particular federal provision.

The most similar federal provision, 5 USC 552(b) (6) (Exemption 6), exempts "personnel, medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Because Exemption 6 applies to "personnel files" and "similar files" in the same manner, *Dep't of Air Force v Rose,* 425 US 352, 372; 96 S Ct 1592; 48 L Ed 2d 11 (1976), the decisions interpreting Exemption 6 do not define the term "personnel files." Furthermore, Exemption 6, by its terms, considers the invasion of personal privacy that will occur if the files are disclosed. In contrast, application of the Michigan

personnel records exemption does not directly involve the balancing of personal privacy interests, which is considered under other exemptions.[1] Instead of balancing personal privacy interests, the personnel records exemption balances the public interest in disclosure and nondisclosure. Because of the differences between Exemption 6 and the Michigan exemption, the decisions interpreting the federal provision provide only the starting point for determining whether the internal affairs records requested by plaintiff fall within the personnel records exemption.

The trial court focused on the location of the documents rather than their character in reaching its conclusion that they were "personnel records" within the meaning of the FOIA. The court's opinion does not indicate that access to the requested documents would "disclose personnel records." Rather, the opinion repeatedly refers to the location of the reports, noting that the results of all internal departmental investigations of complaints are placed in the personnel records of the various employees investigated.[2] Apparently on the basis of their location, the court treated all of the requested documents as though they were "personnel records" under the FOIA.

The location of the documents is not determinative of the applicability of the personnel records exemption. In construing Exemption 6, the United States Supreme Court stated:

> Congressional concern for the protection of the kind of confidential personal data usually included in a personnel file is abundantly clear. But Con-

---

[1] See MCL 15.243(1)(a) and (b)(iii); MSA 4.1801(13)(1)(a) and (b)(iii).

[2] From the trial court's statements, it is unclear whether all the investigatory documents or merely the results of investigation are placed in the personnel file. However, such a distinction is irrelevant to our analysis.

gress also made clear that nonconfidential matter was not to be insulated from disclosure merely because it was stored by an agency in its "personnel" files. [*Rose, supra* at 372.]

Conversely, according to the United States Supreme Court, storage of information outside a file labeled "personnel file" does not mean that the information falls outside the scope of Exemption 6. *Dep't of State v Washington Post,* 456 US 595; 102 S Ct 1957; 72 L Ed 2d 358 (1982).

This reasoning applies to the Michigan personnel records exemption as well. An interpretation of the exemption that would allow a law enforcement agency to shield any record from disclosure by merely placing it in a folder labeled "personnel file" would undercut the policy of full and complete disclosure mandated by the FOIA. Therefore, we conclude that the Legislature did not intend that personnel records be solely defined by their location.

Next, plaintiff argues that, because the requested documents pertain to completed investigations, the documents should be disclosed. Plaintiff relies on the statement in *Evening News, supra* at 517, that "the defendants in their brief have conceded that the investigation is closed. The documents at issue must therefore be released." *Evening News* involved a request for the identities of two police officers and their incident reports describing a homicide. The statement was made in conjunction with the determination whether release of the information would "interfere with law enforcement proceedings" under MCL 15.243(1)(b)(i); MSA 4.1801(13)(1)(b)(i). The court's ruling in *Evening News* merely recognized the obvious—release of information cannot interfere with an investigation that is closed. The cited statement is

irrelevant to our analysis of the applicability of a different exemption to a different type of document.

Having determined that the records requested by plaintiff were not rendered exempt merely by their location or the closed status of the investigations, we next consider whether the Legislature intended the term "personnel records" to include records of internal affairs investigations. In making this determination, we are guided by the Legislature's treatment of investigatory records pertaining to an employee in the Employee Right to Know Act (ERKA), MCL 423.501 *et seq.*; MSA 17.62(1) *et seq.*

In using the ERKA to ascertain the Legislature's intent in regard to the FOIA, we are mindful of the differences in the purposes of the two acts. The purpose of the FOIA is to benefit the public by providing access to records pertaining to the acts of public officials and employees. However, the personnel records exemption to the FOIA is a limitation on that right of access. In contrast, the purpose of the ERKA is to establish an individual employee's right to examine the employee's personnel records, i.e., the documents that are being kept by the employer concerning that employee. In the ERKA, the term "personnel record" is generally defined, but certain materials and information are identified that are excluded from the definition, and are not available to the employee. MCL 423.501(2)(c); MSA 17.62(1)(2)(c). Therefore, the undefined term "personnel record" in the FOIA is used to classify documents that are generally not accessible to the public. However, the term "personnel record" in the ERKA has a broad definition allowing extensive access by the employee under the ERKA. Because of the different purposes of the acts, we cannot conclude that the Legislature in-

tended the meaning of the term "personnel record" as used in the FOIA to be the same as that defined in the ERKA. For this reason, we do not consider the definition of "personnel record" provided in § 1(2)(c) of the ERKA to be the intended meaning of "personnel record" in the FOIA.

Nevertheless, despite the differences between the acts, the Legislature's treatment of investigatory records under the ERKA suggests the Legislature's intent under the FOIA. In defining "personnel record" in the ERKA, the Legislature specifically excluded:

> (v) Information that is kept separately from other records and that relates to an investigation by the employer pursuant to section 9.
> (vi) Records limited to grievance investigations which are kept separately and are not used for the purposes provided in this subdivision. [MCL 423.501(2)(c)(v) and (vi); MSA 17.62(1)(2)(c)(v) and (vi).]

Section 9 states:

> (1) If an employer has reasonable cause to believe that an employee is engaged in criminal activity which may result in loss or damage to the employer's property or disruption of the employer's business operation, and the employer is engaged in an investigation, then the employer may keep a separate file of information relating to the investigation. Upon completion of the investigation or after 2 years, whichever comes first, the employee shall be notified that an investigation was or is being conducted of the suspected criminal activity described in this section. Upon completion of the investigation, if disciplinary action is not taken, the investigative file and all copies of the material in it shall be destroyed.
> (2) If the employer is a criminal justice agency which is involved in the investigation of an alleged

> criminal activity or the violation of an agency rule by the employee, the employer shall maintain a separate confidential file of information relating to the investigation. Upon completion of the investigation, if disciplinary action is not taken, the employee shall be notified that an investigation was conducted. If the investigation reveals that the allegations are unfounded, unsubstantiated, or disciplinary action is not taken, the separate file shall contain a notation of the final disposition of the investigation and information in the file shall not be used in any future consideration for promotion, transfer, additional compensation, or disciplinary action. [MCL 423.509; MSA 17.62(9).]

Thus, the Legislature, in an act designed to extend an employee's ability to gain access to the employer's files beyond the rights afforded to the public by the FOIA,[3] determined that the employee should not be allowed access to the records of the employer's internal investigations. The Legislature's clearly expressed intent in the ERKA to prohibit access by an employee to any internal investigations relating to that employee demonstrates that the Legislature intended that access to those records be severely restricted. We can reasonably infer that in drafting the FOIA, the Legislature had the same intent relative to records of closed internal affairs investigations such as those requested by plaintiff. The Legislature would not have denied an employee access to documents that were readily available to the public pursuant to the FOIA. Therefore, we conclude that the Legislature intended that the internal affairs investigatory records requested by plaintiff fall within the meaning of the term "personnel record of law enforcement agencies" as used in the FOIA.

Plaintiff also contends that the court was im-

[3] See MCL 423.510; MSA 17.62(10).

properly conclusory in determining that the public interest in nondisclosure outweighed the public interest in disclosure. We agree that the findings are insufficient, and remand for further consideration.

Once the trial court determined that the requested documents were personnel records, it was required to consider whether "the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance." MCL 15.243(1)(t); MSA 4.1801(13)(1)(t). The court's opinion contains the following analysis of the balancing of the public interest in disclosure and nondisclosure:

> It is the opinion of the Court that the public's interest in nondisclosure of these documents pertains to the working conditions of the sheriff department employees. These employees are subject to complaints from disgruntled persons who have been arrested and placed in jail; they are subject to complaints from prisoners who are incarcerated; they are subject to complaints from every citizen who feels an officer has taken some improper action. To disclose the nature of these complaints to the general public subjects the officers to much scandalous and untrue material. Some of these complaints are intentionally generated by persons knowing the complaint is false in order to subject the deputy to disciplinary action.
>
> The Court is of the opinion that particular instances of such complaints should be disclosed upon request under the statute. However the public interest in nondisclosure out weighs [sic] the public interest in disclosure when all of these records are requested for a period of 14 years.
>
>        \*    \*    \*
>
> Where officers have been charged with crimes or terminated from their employment because of improper conduct the public has always been informed of these actions.

> However, where a request is made to disclose personnel records of law enforcement agencies over a period of fourteen years, this Court is of the opinion that detriment to the individual officers who are sworn to uphold the law in this community would be greater than the public's interest in disclosure. Furthermore, the detriment to the Sheriff's Department would be extensive. A person wishing to be hired by a law enforcement agency would be reluctant to work for such an agency if every complaint by disgruntled prisoners or persons arrested or ticketed were to be made public information. A department required to release all of this information would have a difficult time recruiting qualified candidates to fill positions.

On the basis of this analysis, the trial court concluded that all of the documents requested were exempt from disclosure.

The personnel records exemption requires that the balance be considered "in the particular instance." The difficulty with the court's treatment of the internal affairs investigatory records as a single category is that public interest in disclosure and nondisclosure may vary depending on the circumstances of an investigation, and the nature of the documents produced. For example, the court's analysis of the public interest in nondisclosure is focused on the potential harm that may result from disclosing information about unfounded allegations of misconduct. That analysis is clearly not applicable to those investigations in which it was determined that the employee had engaged in wrongdoing. Yet, in determining the applicability of the exemption, the court did not distinguish between investigations in which the allegations were determined to be clearly unfounded, and those . that even the department found warranted disciplinary action. The Michigan Supreme Court recognized that the trial court may

justify the exemption with respect to a category of documents. See *Evening News, supra* at 503. However, any category must be clearly described and "drawn with sufficient precision so that all documents within a particular category are similar in nature." *Anderson v Dep't of Health & Human Services,* 907 F2d 936, 944 (CA 10, 1990).

In addition, the trial court's opinion does not indicate that the court properly considered the balancing of interests in regard to the redacted form of records requested by plaintiff as an alternative remedy. Plaintiff's complaint included a request for access to redacted records with references to the individual officers, witnesses, and relevant investigatory and command personnel deleted. The court's opinion does not indicate that the court considered how the proposed redaction would affect the balancing of interests.

> This interest in knowing the identity of disciplined employees is distinguishable from other public interests that may arise in requests for disclosure of government investigatory records. For example, the public may have an interest in knowing that a government investigation itself is comprehensive, that a report of an investigation released publicly is accurate, that any disciplinary measures imposed are adequate, and that those who are accountable are dealt with in an appropriate manner. [*Stern v FBI,* 237 US App DC 302, 310; 737 F2d 84 (1984), construing 5 USC 552(b)(7) (c).]

Had plaintiff requested the internal affairs records pertaining to a particular individual, redaction would serve no purpose. See *Hunt v FBI,* 972 F2d 286, 288 (CA 9, 1992). However, in this case, we cannot conclude that the redaction proposed by plaintiff would not have affected the balance of

public interests. Having chosen to conduct the in camera review, the trial court erred in granting defendant's motion for summary disposition without determining whether a particularized justification exists for exemption of redacted documents. *Haskins v Oronoko Twp Supervisor,* 172 Mich App 73, 77; 431 NW2d 210 (1983).

The court's opinion suggests that the public was "always informed" when the investigation led to termination of employment or criminal charges. Even if this statement were supported by the record before the court, that fact does not indicate that the records of the investigation are exempt from disclosure under the FOIA.

The trial court's opinion also suggests that the public interest in disclosure of multiple records of internal affairs investigations is always less than the interest in disclosure of a particular instance. We disagree. When multiple records are requested, conclusions can be drawn concerning the efficacy and fairness of the disciplinary procedures. See *Hunt, supra* at 289.

Because the trial court did not address these various concerns, we are unable to determine whether the conclusion reached by the trial court regarding the balancing of the public interests was correct. Therefore, we remand this case to the trial court for additional findings and for a determination whether the public interest in disclosure outweighs the public interest in nondisclosure of some, all, or none of the documents in their original or redacted versions.

Remanded. We do not retain jurisdiction.