KENT COUNTY DEPUTY SHERIFFS ASSOCIATION v
KENT COUNTY SHERIFF

Docket No. 115823. Decided September 19, 2000. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgment of the Court of Appeals and remanded the case to the circuit court for further proceedings.

The Kent County Deputy Sheriffs Association filed grievances regarding two jail guards who had been disciplined by the Kent County Sheriff, and sought, under the Michigan Freedom of Information Act and the Employee Right to Know Act, copies of all reports on which the disciplinary decisions were based to prepare for arbitration. The sheriff refused to provide some of the information, and the association brought an action in the Kent Circuit Court, seeking copies of reports generated during the sheriff's internal investigations. The court, David Soet, J., granted summary judgment for the association regarding its FOIA claim. The Court of Appeals, HOEKSTRA, P.J., and SAAD and R. B. BURNS, JJ., reversed. 238 Mich App 310 (1999) (Docket No. 210754). The association seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices TAYLOR, CORRIGAN, YOUNG, and MARKMAN, the Supreme Court *held*:

Internal investigation records of a law enforcement agency may be exempted from disclosure under MCL 15.243(1)(s)(ix); MSA 4.1801(13)(1)(s)(ix).

1. Once particular records qualify under a listed exemption under the FOIA for law enforcement agency records, the remaining inquiry is whether the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance. In this case, the defendant sufficiently established that public interest favored nondisclosure.

2. The circuit court had jurisdiction to consider the union's FOIA action. The FOIA provides Michigan citizens with broad rights to obtain public records, limited only by the coverage of the statute and its exemptions. The fact that another body of law potentially gives an additional basis for access to such records does not limit

the applicability of the FOIA or the jurisdiction of the circuit court to consider relief under the FOIA.

3. The PERA does not deprive the circuit court of jurisdiction. The Court of Appeals reasoned from an incorrect premise. The association did not present the circuit court with an unfair labor practice, i.e., it did not ask the court to remedy a violation of the PERA or of the collective bargaining agreement. Rather, it simply asked for information available to any proper party, for any purpose, under the FOIA, a broadly written statute designed to open the closed files of government. It would be anomalous if the effect of the PERA were that a union could not obtain public information that was available to all other citizens. A statute that broadly addresses an area of law, without specifically describing and exempting from disclosure records and information, does not thereby limit the reach of the FOIA.

Affirmed and remanded.

Justices CAVANAGH and KELLY would grant leave to appeal.

*Hankins & Flanigan, P.C.* (by *Dan E. Hankins* and *Timothy G. Holland*), for the plaintiff-appellant.

*Miller, Johnson, Snell & Cummiskey, P.L.C.* (by *Peter H. Peterson*), for the defendants-appellees.

PER CURIAM. When two jail guards were disciplined, the plaintiff union filed grievances and began preparing for arbitration. Its efforts included a request under the Freedom of Information Act for copies of the reports on which the sheriff based the disciplinary decisions. The sheriff refused to provide a portion of the material, and the union sued. The circuit court ruled in favor of the union, but the Court of Appeals reversed. We affirm the judgment of the Court of Appeals, though we reject two of the three grounds for its decision.

I

In February 1995, the Kent County Sheriff suspended a jail guard for twelve days and imposed

other restrictions on his work duties. This was done because the sheriff was persuaded that the guard had used excessive force against inmates on three occasions. The guard, represented by the plaintiff union, filed a grievance. The matter was scheduled for hearing before an arbitrator.

In January 1996, the Kent County Sheriff fired a second guard because of an off-duty incident at a local restaurant, which resulted in a criminal investigation. The written discharge told the guard, "You have brought discredit to yourself, the Department, and all police officers in general." Again, a grievance was filed to bring the matter to arbitration.

To prepare for the arbitration hearings, the union requested that the sheriff provide copies of all reports on which the disciplinary decisions were based. These requests were made under both the Michigan Freedom of Information Act[1] (FOIA) and the Employee Right to Know Act.[2] The sheriff responded with certain documents pertaining to the guard who had been suspended. Regarding the case of the guard who had been fired, the sheriff replied that he already had given copies of all the material that he was required to provide.[3]

The union filed suit in circuit court,[4] seeking vari-

---

[1] MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*

[2] MCL 423.501 *et seq.*; MSA 17.62(1) *et seq.*

[3] The sheriff's letter indicated that he had supplied thirty-seven documents that totaled two hundred seventy-five pages.

[4] The case concerning the suspended guard was scheduled first for arbitration, and the union's request for documents was apparently presented to the arbitrator. The union reports, however, that the arbitrator "ruled he could not compel the employer to produce the reports in advance of hearing but granted the union a continuance of the arbitration hearing in order to attempt to obtain copies of the reports through the courts."

ous forms of relief.[5] For present purposes, it is sufficient to say that the union sought copies of the reports generated during the sheriff's internal investigation of these matters.

Each side moved for summary disposition. The circuit court granted the union's motion with regard to its FOIA claim[6] and denied the motion filed by the county defendants.

The Kent County defendants appealed, and persuaded the Court of Appeals to reverse the judgment of the circuit court. 238 Mich App 310; 605 NW2d 363 (1999).

The union has applied to this Court, seeking leave to appeal.

II

A

In its opinion of reversal, the Court of Appeals addressed three issues, each related to the FOIA.[7] The

---

[5] For each of the disciplined guards, the union framed a count under the FOIA, a count under the Employee Right to Know Act, and a count under Const 1963, art 1, § 17, which provides that "[t]he right of all individuals, firms, corporations and voluntary associations to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed."

[6] Because it granted relief under the FOIA, the court found it unnecessary to resolve the union's motion for summary disposition of its claims under the Right to Know Act or Const 1963, art 1, § 17.

[7] The Court of Appeals concluded its opinion:

The trial court did not reach the questions of disclosure under [the Right to Know Act] or Const 1963, art 1, § 17. We decline to address these issues because they are unnecessary for our review and because the record relating to these issues is not fully developed. [238 Mich App 332.]

first was whether the circuit court even had jurisdiction of this matter.[8]

In this regard, the Court of Appeals explained:

> The [public employment relations act][9] governs public sector labor law, and its provisions have been held to take precedence over other conflicting laws to ensure uniformity, consistency, and predictability in the critically important and complex field of public sector labor law. *Rockwell v Crestwood School Dist Bd of Ed*, 393 Mich 616, 629; 227 NW2d 736 (1975). The MERC is the sole state agency charged with the interpretation and enforcement of this highly specialized and politically sensitive field of law. *Id.*, 630; MCL 423.216; MSA 17.455(16).
>
> *       *       *
>
> In the labor law arena, unions frequently seek information and materials from management that the union asserts are necessary to bargain collectively (regarding, for example, wages, overtime, and pensions). In the private sector, under the federal Labor Management Relations Act (LMRA), 29 USC 141 *et seq.*, the National Labor Relations Board (NLRB) has exclusive jurisdiction to resolve unfair labor practice disputes. 29 USC 160. Unless the information is protected from disclosure, an employer's failure to comply with the union's request for information and documents constitutes an unfair labor practice—a failure to bargain in good faith. *General Motors Corp v NLRB*, 700 F2d 1083, 1088 (CA 6, 1983); 29 USC 158(a)(5). See also *AFSCME Local 2343 v Federal Labor Relations Authority*, 330 US App DC 136; 144 F3d 85 (1998); *NLRB v United States Postal Service*, 888 F2d 1568, 1570 (CA 11, 1989). Analogously,

---

In this Court, the union frames three issues concerning the FOIA, and so we likewise have no occasion to consider questions relating to the Right to Know Act or the constitution.

[8] Throughout this opinion, we consider the meaning and effect of statutory language. Such questions of law are reviewed de novo. *Herald Co v Bay City*, 463 Mich 111, 117; 416 NW2d 873 (2000).

[9] MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.*

in Michigan's public sector, the employer's failure to release nonprotected information constitutes an unfair labor practice under the PERA, as interpreted and enforced by the MERC. MCL 423.210(1)(e); MSA 17.455(10)(1)(e). Questions of what information is vital to bargaining—and thus subject to disclosure—and what information is proprietary and confidential—and thus protected from disclosure—go to the heart of the collective bargaining and grievance arbitration law of labor management relations. See *Detroit Edison Co v NLRB*, 440 US 301, 303; 99 S Ct 1123; 59 L Ed 2d 333 (1979); *NLRB v Truitt Mfg Co*, 351 US 149; 76 S Ct 753; 100 L Ed 1027 (1956).

In a dispute that involved the same parties and the precise issue now before us, the MERC determined that defendant law enforcement agency was not obliged to provide the association with copies of internal affairs records relating to association members' alleged misconduct. *Kent Co v Kent Co Deputy Sheriffs Ass'n*, 1991 MERC Lab Op 374; 4 MPER 194 (1991). Recently, the MERC reiterated this position in *Battle Creek v Police Officers Labor Council*, 12 MPER 25 (1998), which also involved, an attempt by a police officer's union to obtain internal affairs records. In an apparent attempt to avoid an unfavorable ruling from the MERC, the association here sought to get the information by using the FOIA. Therefore, the following issue of first impression is raised by this appeal: Does a public sector labor union's FOIA request for information from a public sector employer create an unfair labor practice issue that falls within the MERC's exclusive jurisdiction? We answer yes and hold that the circuit court lacks jurisdiction over the association's FOIA and [Right to Know] action. [238 Mich App 313-315.]

Later in its opinion, the Court of Appeals elaborated that discussion in considerable detail. 238 Mich 318-326.

B

The Court of Appeals would be correct that MERC has exclusive jurisdiction over this dispute if it were true, as the Court said, that "the association's claim is, in substance, an unfair labor practice claim." 238 Mich App 320. This Court explained in *Rockwell* that "MERC alone has jurisdiction and administrative expertise to entertain and reconcile competing allegations of unfair labor practices and misconduct under the PERA." 393 Mich 630. This point was again emphasized in *Lamphere Schools v Lamphere Federation of Teachers*, 400 Mich 104, 117-124; 252 NW2d 818; 84 ALR3d 314 (1977).

However, the Court of Appeals has reasoned from an incorrect premise. The union is *not* presenting the circuit court with an unfair labor practice, i.e., it is not asking the court to remedy a violation of the PERA or of the collective bargaining agreement.[10] Rather, the union is simply asking for information available to any proper party, for any purpose, under a broadly written statute designed to open the closed files of government.

In *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285; 565 NW2d 650 (1997), the father of a student in the Saranac schools made an FOIA request for the personnel file of the child's teacher. The teacher objected to the release of performance evaluations, disciplinary records, and complaints filed against her. The Court's *Bradley* opinion also resolved

---

[10] Of course, the union believes the discharges were improper under the collective bargaining agreement (hence the grievance and arbitration), but its request in circuit court for records is framed under the FOIA.

a companion case,[11] in which a group of Lansing parents asked for copies of written performance evaluations of nine principals employed by the district. In separate suits, the Saranac teacher and the Lansing Association of School Administrators (LASA) asked the circuit court to enjoin disclosure.[12]

This Court held in *Bradley* that "the requested records must be disclosed because they are public records and are not within any exemption under the FOIA." 455 Mich 288-289. For present purposes, the essential element of our analysis was this statement regarding the breadth of the FOIA:

> The Michigan FOIA provides for the disclosure of "public records" in the possession of a "public body." Plaintiffs do not dispute that their school districts are "public bod[ies]," or that the contents of their personnel records are "[p]ublic records."
>
> The FOIA requires the full disclosure of public records, unless those records are exempted under [MCL 15.243; MSA 4.1801(13)]. The exemptions in [MCL 15.243; MSA 4.1801(13)] are narrowly construed, and the burden of proof rests on the party asserting the exemption.[13] If a request for information held by a public body falls within an

---

[11] *Lansing Ass'n of School Administrators v Lansing School Dist Bd of Ed.*

[12] The suits in *Bradley* thus differed from the typical FOIA action, since they were "reverse FOIA" suits, in which the objective was to *prevent* disclosure. See 455 Mich 291-292.

[13] The FOIA provides, in [MCL 15.243; MSA 4.1801(13)], several exemptions which, if applicable, permit a public body to deny a request for disclosure of public records. On its express terms, the FOIA is a prodisclosure statute, and the exemptions stated in § 13 are narrowly construed. *Mager [v Dep't of State Police*, 460 Mich 134, 143; 595 NW2d 142 (1999)]; *Bradley [, supra* at] 293; *Swickard v Wayne Co Medical Examiner*, 438 Mich 536, 544; 475 NW2d 304 (1991). The burden of proof rests on the party asserting the exemption. *Bradley, supra* at 293; *Swickard, supra* at 544. [*Herald Co*, n 8 *supra*, 463 Mich 119.]

exemption, the decision becomes discretionary. [455 Mich 292-293.]

Further, the fact that some of the information sought in *Bradley* appeared to be subject to the terms of a collective bargaining agreement did not divest the circuit court of jurisdiction or cause the FOIA to be without effect:

> Separately, LASA contends that the FOIA permits public bodies to exempt the deliberative process of their subordinates from public scrutiny. Both parties agreed in their collective bargaining agreement that the evaluation of school administrators would be conducted according to the appellee school district's Administrative Performance Review Handbook. The handbook's evaluation form declares that "[t]his evaluation document will be reviewed only by appropriate administrative personnel of the Lansing School District."
>
> We agree with the Court of Appeals that the defendant school district cannot "eliminate its statutory obligations to the public merely contracting to do so with plaintiff LASA." The FOIA requires disclosure of all public records not within an exemption. No exemption provides for a public body to bargain away the requirements of the FOIA. [455 Mich 303.]

In short, this Court recognized in *Bradley* that the FOIA is part of Michigan's underlying legal environment—one of the ground rules of the relationship between citizen and government. The FOIA allows access to government records, so that informed citizens can pursue whatever remedies they believe are appropriate.[14] Whether a parent in Saranac or Lansing

[14] It is the public policy of this state that all persons, except those persons incarcerated in state or local correctional facilities, are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The

can persuade the school board to take action with regard to policy or personnel (or whether a Kent County jail guard can get discipline set aside) is a separate and subsequent question.

*Rockwell* and *Lamphere Schools* are distinguishable. In each instance, there was a direct conflict between the PERA and another body of substantive law. In *Rockwell*, the question was whether a teacher who was fired for participating in an illegal strike was entitled to a hearing before discharge (per the teacher tenure act[15]) or after discharge (under the PERA). In *Lamphere Schools*, the issue was whether a teachers' union could be sued in tort (under the common law) for damages incurred as the result of a strike (that was prohibited by the PERA). In the present case, no such conflict exists between the PERA and the FOIA.

The FOIA provides Michigan citizens with broad rights to obtain public records, limited only by the coverage of the statute[16] and its exemptions.[17] The fact that another body of law potentially gives an additional basis for access to such records does not limit the applicability of the FOIA or the jurisdiction of the circuit court to consider relief under the FOIA. Thus, the circuit court *did* have jurisdiction to consider the union's FOIA action.

---

people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2); MSA 4.1801(1)(2).]

[15] MCL 38.71 *et seq.*; MSA 15.1971 *et seq.*

[16] MCL 15.233, 15.235; MSA 4.1801(3), 4.1801(5).

[17] MCL 15.243; MSA 4.1801(13).

### III

#### A

In the second portion of its opinion, the Court of Appeals explained, "Were we to find that the circuit court has jurisdiction to adjudicate this matter, we would nonetheless reverse the trial court's judgment on the alternative ground that the PERA's dominance in the field of labor relations precludes the association's FOIA action." 238 Mich App 327. Principally relying on *Rockwell*, the Court concluded:

> In sum, the Legislature intended the PERA to be the dominant law of public sector labor-management relations in Michigan. The issue of information exchange during grievance arbitration is central to labor-management relations. Accordingly, controversies over information disclosure can be resolved only under the PERA, not under the general FOIA provisions. [238 Mich App 329.]

#### B

We disagree, for the same reasons that we concluded that the PERA does not deprive the circuit court of jurisdiction. It would be anomalous indeed if the effect of the PERA were that a union could not obtain public information that was available to all other citizens.[18] Again: Public records are subject to disclosure,

---

[18] Several years ago, writing of an FOIA dispute involving a union, the Court of Appeals said:

> The circuit court did not err in deciding [the plaintiff union's] action under the FOIA. The PERA and the FOIA are not conflicting statutes such that the PERA would prevail over the FOIA. See *Local 1383, Int'l Ass'n of Fire Fighters, AFL-CIO v City of Warren*, 411 Mich 642; 311 NW2d 702 (1981). We decline defendant's invitation to cre-

and are exempted from disclosure, under the terms of the FOIA. The presence of an alternative ground for obtaining public records does not preclude application of the FOIA. A statute that broadly addresses an area of law, without "specifically describ[ing] and exempt[ing]" from disclosure records and information,[19] does not thereby limit the reach of the FOIA.

IV

A

Having thus determined that the circuit court had jurisdiction of this case and that the FOIA governs the question whether the plaintiff union may have access to the disputed records, we turn to the act and its exemptions.

The Court of Appeals found that the requested information was within the exemption stated in MCL 15.243(1); MSA 4.1801(13)(1):

ate an FOIA exception based on the status of the person requesting public documents. The Legislature has clearly defined the class of "persons" entitled to seek disclosure of public records. MCL 15.232(a); MSA 4.1801(2)(a). There is no sound policy reason for distinguishing between persons who are involved in litigation-type proceedings and those who are not. [*Local 312, American Federation of State, County & Municipal Employees, AFL-CIO v Detroit*, 207 Mich App 472, 473; 525 NW2d 487 (1994).]

With regard to the use of the FOIA in "litigation-type proceedings," the FOIA now exempts from disclosure "[r]ecords or information relating to a civil action in which the requesting party and the public body are parties." MCL 15.243(1)(w); MSA 4.1801(13)(1)(w), added by 1996 PA 553. That exemption does not apply to the present case, however, since arbitration is not a "civil action" as defined in MCR 2.101 pursuant to the authority given this Court by Const 1963, art 6, § 5.

[19] The FOIA exempts from disclosure "[r]ecords or information specifically described and exempted from disclosure by statute." MCL 15.243(1)(d); MSA 4.1801(13)(1)(d).

A public body may exempt from disclosure as a public record under this act:

\*    \*    \*

(t)[20] Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a law enforcement agency, the release of which would do any of the following:

\*    \*    \*

(ix) Disclose personnel records of law enforcement agencies.

Relying on *Newark Morning Ledger Co v Saginaw Co Sheriff,* 204 Mich App 215, 223; 514 NW2d 213 (1994), the Court of Appeals said that internal investigation records of a law enforcement agency can be exempted from disclosure under that statutory language.[21] The Court continued:

Once particular records qualify under a listed exemption for law enforcement agency records, the remaining inquiry is whether "the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance." MCL 15.243(1)(t); MSA 4.1801(13)(1)(t); *Newark Morning Ledger, supra,* 224. Defendant sufficiently established that public interest favored nondisclosure. The affidavit of the undersheriff justified confidentiality on these grounds:

1. Internal investigations are inherently difficult because employees are reluctant to give statements about the actions of fellow employees.

---

[20] Relettered subsection s by 2000 PA 88—REPORTER.

[21] Citing shortcomings in the analysis offered by the circuit court in *Newark Ledger,* 204 Mich App 224-227, the Court of Appeals remanded that case "for additional findings and for a determination whether the public interest in disclosure outweighs the public interest in nondisclosure of some, all, or none of the documents in their original or redacted versions." 204 Mich App 227.

2. If their statements would be a matter of public knowledge they might refuse to give any statements at all or be less than totally forthcoming and candid.

3. Also, disclosure could be detrimental to some employees.

4. Public disclosure of records relating to internal investigations into possible employee misconduct would destroy or severely diminish the Sheriff Department's ability to effectively conduct such investigations.[22]

We agree that these reasons soundly establish that the public interest favors nondisclosure of these records. The association fails to persuade us that the public interest in meaningful arbitration of grievances favors disclosure. [238 Mich App 331-332.]

---

[22] The balance of the undersheriff's affidavit provided:

5. Documents relating to internal investigations are kept in a separate file in the Sheriff's office and are available only to the Sheriff or Undersheriff or with their permission. Although the Sheriff also keeps copies of general personnel files which are filed with the County Personnel Department, the investigatory records and personnel files are not commingled.

6. The department has a policy of keeping documents relating to internal investigations confidential. There are several reasons for this, including the following. Internal investigations are inherently difficult because employees are reluctant to give statements about the actions of fellow employees. If their statements would be a matter of public knowledge they might refuse to give any statements at all or be less than totally forthcoming and candid. Also, disclosure could be detrimental to some employees. Public disclosure of records relating to internal investigations into possible employee misconduct would destroy or severely diminish the Sheriff Department's ability to effectively conduct such investigations.

7. To the best of my knowledge the witnesses pertinent to the cases in question are known to the Union. Many of these witnesses are Union members. All of these witnesses are available to the Union.

8. The requested information contains information relating to operational instructions and staff manuals for Sheriff Department officers and in many places identifies or provides a means of identifying a person as a law enforcement officer. ·

B

We agree with this portion of the Court of Appeals analysis. For the reasons stated by that Court, the county defendants had the right to exempt from disclosure the disputed records, under MCL 15.243(1)(t)(ix); MSA 4.1801(13)(1)(t)(ix).[23]

V

Because we agree with the final portion of the Court of Appeals opinion, we affirm the judgment of the Court of Appeals. We remand this case to circuit court for further proceedings on the union's alternative claims under the Employee Right to Know Act and the constitution.[24] MCR 7.302(F)(1).

WEAVER, C.J., and TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH and KELLY, JJ. We would grant leave to appeal.

---

[23] The county defendants argue that other exemptions are also applicable in this case. Having found that the material can be exempted from disclosure under MCL 15.243(1)(t)(ix); MSA 4.1801(13)(1)(t)(ix), we have no need to examine other paragraphs or subparagraphs of that section.

[24] The union's constitutional claims include its "fair and just treatment" claim under Const 1963, art 1, § 17, and its related claim in counts III and VI of the complaint that its members are now being denied due process of law.

The union's claim that the disputed records should be excluded from admission at the arbitration hearing if they are not provided to the union in advance of the hearing can be heard by the circuit court if framed as an argument under the Right to Know Act or as a constitutional argument of the sort described in the preceding sentence. Otherwise, the union must present to the arbitrator its request for an evidentiary ruling regarding the admissibility of the disputed records at the arbitration hearing.