SUTTON v CITY OF OAK PARK

Docket No. 229640. Submitted April 2, 2002, at Detroit. Decided May 14, 2002, at 9:05 A.M.

David Sutton, Jr., brought an action in the Oakland Circuit Court against the city of Oak Park and the director of the Oak Park Public Safety Department, seeking disclosure pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, of records related to an internal investigation of an Oak Park police officer against whom the plaintiff had alleged misconduct. On cross-motions for summary disposition, the court, Rudy J. Nichols, J., granted the plaintiff's motion, rejecting the defendants' contention that the records were exempt from disclosure under MCL 15.243(1)(b)*(v)* (investigating records compiled for law enforcement purposes the disclosure of which would disclose law enforcement investigative techniques or procedures). The defendants moved for rehearing or reconsideration under MCR 2.119(F) and argued for the first time that the records were exempt from disclosure under MCL 15.243(1)(s)*(ix)* (personnel records of a law enforcement agency for which the public interest in disclosure does not outweigh the public interest in nondisclosure). The court denied the defendants' motion. The defendants appealed.

The Court of Appeals *held*:

Internal investigation records of a law enforcement agency fall within the meaning of "personnel records of law enforcement agencies," as used in the FOIA. In this case the defendants, by submitting an affidavit from the deputy director of the public safety department stating that the public disclosure of internal investigation records would hamper internal investigations, have established that the public interest favors nondisclosure of the records at issue.

Reversed and remanded for entry of judgment for the defendants.

WILDER, J., concurring, stated that the trial court failed to recognize that, pursuant to MCR 2.119(F)(3), it had discretion to address MCL 15.243(1)(s)*(ix)* as a ground for granting summary disposition for the defendants upon their motion for rehearing or reconsideration, given that all the evidence necessary to support a grant of summary disposition based on subsection 13(1)(s)*(ix)* had been

submitted as exhibits attached to the motion for summary
disposition.

RECORDS — FREEDOM OF INFORMATION ACT — PERSONNEL RECORDS OF LAW
   ENFORCEMENT AGENCIES — INTERNAL INVESTIGATION RECORDS.
   Internal investigation records of a law enforcement agency are per-
   sonnel records of the agency and are exempt from disclosure pur-
   suant to the Freedom of Information Act where the public interest
   in nondisclosure outweighs the public interest in disclosure (MCL
   15.243[1][s]/ix/).

David Sutton, Jr., in propria persona.

*Thomas, DeGrood, Witenoff & Hoffman, P.C.* (by
*Michelle A. Thomas* and *John J. Hoffman*), for the
defendants.

Before: HOLBROOK, JR., P.J., and JANSEN and WILDER,
JJ.

PER CURIAM. Defendants appeal as of right from the
trial court's order granting summary disposition in
favor of plaintiff in this action brought under the
Michigan Freedom of Information Act (FOIA), MCL
15.231 *et seq.* We reverse and remand.

This case arises out of an incident that occurred on
October 28, 1999, in the city of Oak Park. Plaintiff
arrived at the home of Sabrina Finley, but she asked
him to leave and he refused to do so. Finley advised
plaintiff that if he did not leave, she would call the
police. At that point, plaintiff left, but returned to Fin-
ley's home shortly thereafter. Plaintiff was eventually
approached by Oak Park Police Officer Bernard
Anderson. Anderson told plaintiff that Finley
requested that he stop harassing her and that he
could be arrested for trespassing. This was the sec-
ond time that Anderson warned plaintiff to stop
harassing Finley, because Finley had twice reported

to the police that plaintiff arrived uninvited to her home and would not leave when asked to do so.

On November 9, 1999, plaintiff filed a citizen's complaint with the Oak Park Public Safety Department, alleging misconduct on Anderson's part. This resulted in an internal investigation of Anderson. On December 21, 1999, Robert Bauer, Deputy Director of the Oak Park Public Safety Department, responded to plaintiff's complaint by stating that the investigation was complete and that there was no evidence of misconduct by Anderson.

On January 4, 2000, plaintiff sent a letter to Bauer requesting, under the FOIA, a copy of all documents regarding Anderson's internal investigation. The request was denied on January 5, 2000, stating that the records were exempt from disclosure as being investigative records compiled for law enforcement purposes. MCL 15.243(1)(b). Plaintiff appealed the denial to the Public Safety Department and had a discussion with defendant G. Robert Seifert, the Director of the Oak Park Public Safety Department. On January 17, 2000, the Oak Park city council voted unanimously to deny plaintiff's request for the records relating to the internal investigation. The city council stated the records were exempt from disclosure because they were records compiled for law enforcement purposes and could interfere with an ongoing investigation and result in an unwarranted invasion of personal privacy. MCL 15.243(1)(b)*(i)* and *(iii)*. The city council also claimed the records were exempt from disclosure because they were personnel records of a law enforcement agency. MCL 15.243(1)*(s)(ix)*.[1]

---

[1] We note that the statute was amended effective May 1, 2000, and that subsection 13(1)(s)*(ix)* was formerly designated as subsection

Following these denials of his requests for the records, plaintiff filed a complaint in the Oakland Circuit Court on March 2, 2000, requesting the records under the FOIA. Thereafter, defendants moved for summary disposition under MCR 2.116(C)(8), contending that the records were exempt under MCL 15.243(1)(b)*(v)*, and plaintiff also moved for summary disposition under MCR 2.116(C)(8).

The trial court, in an order entered on August 3, 2000, denied defendants' motion for summary disposition and granted in part plaintiff's motion for summary disposition. The trial court ordered defendants to produce the complete investigative file regarding plaintiff's complaint against Anderson to plaintiff by August 4, 2000. The trial court denied plaintiff's request for punitive damages. Defendants immediately moved for rehearing or reconsideration under MCR 2.119(F) contending that the records were exempt under subsection 13(1)(s)*(ix)* of the FOIA because they were personnel records of a law enforcement agency. The trial court denied the motion for reconsideration, but granted defendants' motion for a stay of proceedings in a final order entered on August 23, 2000. Defendants have filed their claim of appeal, and argue that the records requested by plaintiff are exempt from disclosure under MCL 15.243(1)(b)*(i)*, *(iii)*, and (s)*(ix)*.

Initially, we address the position of plaintiff and the trial court regarding the motion for reconsideration that defendants' reliance on MCL 15.243(1)(s)*(ix)* was improper because it was not relied on in defen-

---

13(1)(t)*(ix)*. We will refer to the new designation in this opinion and note that only the designation, not the substance, of this subsection was amended.

dants' motion for summary disposition and that the trial court was therefore required to deny defendants' motion for reconsideration. This is not an accurate statement of the law because defendants' motion for reconsideration was brought under MCR 2.119(F), which, by its terms, does not restrict the discretion of the trial court in ruling on the motion. See MCR 2.119(F)(3). Clearly, whether MCL 15.243(1)(s)*(ix)* applies to the records at issue to exempt them from disclosure was presented both by the city council and defendants in their motion for reconsideration. More importantly, the issue on appeal is a question of law, brought under MCR 2.116(C)(8), and the facts necessary for its resolution are before this Court. *Michigan Twp Participating Plan v Federal Ins Co*, 233 Mich App 422, 435-436; 592 NW2d 760 (1999) (An issue not addressed by the trial court may nevertheless be addressed by the appellate court if it concerns a legal issue and the facts necessary for its resolution have been presented.).

We agree with defendants that the records are exempt under MCL 15.243(1)(s)*(ix)*, which provides:

A public body may exempt from disclosure as a public record under this act:

\*     \*     \*

(s) Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a law enforcement agency, the release of which would do any of the following:

\*     \*     \*

*(ix)* Disclose personnel records of law enforcement agencies.

In *Newark Morning Ledger Co v Saginaw Co Sheriff*, 204 Mich App 215, 223; 514 NW2d 213 (1994), this Court held that internal investigation records of a law enforcement agency can fall within the meaning of "personnel records of law enforcement agencies" as used in the FOIA. Once it is determined that the records are personnel records of a law enforcement agency, it must be determined whether the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance. *Id.* at 224. This analysis with respect to internal investigation records of a law enforcement agency was affirmed by our Supreme Court in *Kent Co Deputy Sheriffs Ass'n v Kent Co Sheriff*, 463 Mich 353, 365-367; 616 NW2d 677 (2000).

Consequently, the internal investigation records requested by plaintiff constitute personnel records of a law enforcement agency that can be exempt from disclosure. Further, we believe that the affidavit of Deputy Director Robert Bauer provides sufficient reasons for nondisclosure. In his affidavit, he avers:

> 3. It is my experience that the process involved in conducting internal investigations is extremely difficult since employees are reluctant to give statements about the conduct and actions of fellow employees.
>
> 4. If such statements made during the course of internal investigations were made public, employees would likely refuse to give such statements, or would not be completely candid and forthcoming during such investigations.
>
> 5. Further, if such statements are made public, the ability of the City's Public Safety Department to conduct such investigations would be destroyed or severely curtailed since information could not be obtained.

We find that these reasons establish that the public interest favors nondisclosure of the records requested by plaintiff. See, e.g., *Kent Co Deputy Sheriffs Ass'n*, *id.* at 365-366. Plaintiff has not shown that the public interest in disclosure outweighs the public interest in nondisclosure, as required by the statute to warrant disclosure.

Accordingly, defendants had the right to exempt from disclosure the internal investigation records requested by plaintiff under MCL 15.243(1)(s)*(ix)*.[2] Therefore, we reverse the trial court's order that denied defendants' motion for summary disposition and granted plaintiff's motion for summary disposition. We remand for the trial court to enter summary disposition in favor of defendants.

Reversed and remanded for entry of judgment in favor of defendants. Jurisdiction is not retained.

WILDER, J., *(concurring.)* I join with the majority in finding that the records at issue in this case are exempt from disclosure under MCL 15.243(1)(s)*(ix)*. I write separately to explain why I conclude that the trial court had discretion to consider this ground for dismissal of plaintiff's action asserted in defendant's motion for reconsideration, despite defendant's failure to assert this ground in its motion for summary disposition.

MCR 2.119(F)(3) provides:

> (3) *Generally, and without restricting the discretion of the court,* a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court,

---

[2] Because we find that the requested records are exempt from disclosure under MCL 15.243(1)(s)*(ix)*, we need not address the other subsections relied on by defendants as an alleged basis for nondisclosure.

either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court was misled and show that a different disposition of the motion must result from correction of the error. [Emphasis added.]

Here, the trial court erred in failing to recognize its discretion to address the ground asserted in defendants' motion for reconsideration. See *Kowalski v Fiutowski*, 247 Mich App 156, 165-166; 635 NW2d 502 (2001). The trial court's failure to recognize its discretion is particularly significant here because the record clearly establishes that all the *evidence* necessary to support summary disposition in favor of defendants based on the personnel records exemption, MCL 15.243(1)(s)(*ix*), had been submitted to the trial court as exhibits attached to the motion for summary disposition and were available to the trial court as it conducted its in camera hearing. Thus, while a party may be precluded from submitting new *evidence* to the trial court in support of a motion for reconsideration, see *Maiden v Rozwood*, 461 Mich 109, 126, n 9; 597 NW2d 817 (1999); *Quinto v Cross & Peters Co*, 451 Mich 358, 366, n 5; 547 NW2d 314 (1996) (in ruling on a motion for summary disposition, a court considers *the evidence then available to it*), a party raising a newly asserted *basis* for dismissal in a motion for reconsideration does not necessarily run afoul of *Maiden* and *Quinto* in the appropriate circumstances.