# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 27, 2008

135841 & (30) (31) (32) (35)

DETROIT FREE PRESS INC., and
DETROIT NEWS,
          Plaintiffs-Appellees,

v

CITY OF DETROIT,
          Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135841
COA: 283526
Wayne CC: 08-100214-CZ

On order of the Court, the motion for immediate consideration of the application for leave to appeal and the motion to file a brief amicus curiae are GRANTED. The application for leave to appeal the February 13, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The Wayne Circuit Court did not err in concluding that the Settlement Agreement (Deposition Exhibit 11) and the Notice of Rejection (Deposition Exhibit 10) were "public records," MCL 15.232(e), and subject to disclosure pursuant to the Freedom of Information Act, MCL 15.231 *et seq*. Plaintiff Detroit Free Press's FOIA requests were sufficiently specific, see MCL 15.233(1) and *Coblentz v Novi*, 475 Mich 558, 572-573 (2006), and there is no FOIA exemption for settlement agreements. See, e.g., *Coblentz, id.* at 561. Moreover, a public body may not contract away its obligations under the FOIA. *Kent Co Deputy Sheriffs' Ass'n v Kent Co Sheriff,* 463 Mich 353, 361 (2000). In addition, the circuit court did not abuse its discretion when it dissolved the non-disclosure provision in its previous order, and permitted, with one redaction, the disclosure of the deposition in question.

The motion for stay is GRANTED to the extent that the Wayne Circuit Court's February 5, 2008 order granting the motion to disclose is STAYED pending the return of the lower court record to that court. The motion to seal this Court's record is GRANTED to the extent that this Court's file shall remain sealed until the release of documents as ordered by the trial court.

KELLY, J., concurs and states as follows:

I concur in the decision to deny leave to appeal. But I write separately to discuss the trial court's decision to disclose the deposition transcript.

Under MCR 2.411(C)(5) statements made during the course of mediation are confidential. In pertinent part, this rule provides:

> (5) Confidentiality. Statements made during the mediation, including statements made in written submissions, may not be used in any other proceedings, including trial. Any communications between the parties or counsel and the mediator relating to a mediation are confidential and shall not be disclosed without the written consent of all parties . . . .

Here, at numerous points during the deposition, attorney Michael Stefani was specifically questioned about incidents that occurred during court-ordered facilitation. Because Stefani's detailed recounting of events included "statements made during mediation" and "communications between the parties or counsel," I believe certain parts of the deposition involved confidential communications under MCR 2.411(C)(5). But the city of Detroit did not argue for the redaction of this testimony. Instead, it asked the trial court to exempt the entire deposition from disclosure. Because most of the deposition testimony does not fall within the parameters of MCR 2.411(C)(5), the trial judge properly decided not to exempt the entire transcript from disclosure. And because the city did not specifically argue for redaction, I conclude that the trial judge did not abuse his discretion in not ordering redaction sua sponte.[1]

---

[1] The trial court ruled that the confidentiality requirement of MCR 2.411(C)(5) is subject to the crime-fraud exception discussed in *People v Paasche*, 207 Mich App 698, 705-706 (1994). I do not rely on the crime-fraud exception to conclude that the judge did not abuse his discretion in ordering disclosure of the deposition transcript. Hence, I offer no opinion on the applicability of the crime-fraud exception here.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 27, 2008

_Corbin R. Davis_
Clerk