WRIGHT v KELLOGG COMPANY

Docket No. 290130. Submitted June 16, 2010, at Grand Rapids. Decided June 22, 2010, at 9:20 a.m.

Dennis L. Wright brought an action in the Calhoun Circuit Court against Kellogg Company, Wright's former employer, alleging violation of the Employee Right to Know Act (ERKA), MCL 423.501 *et seq.*, after Kellogg refused to release to Wright notes from a grievance investigation that Kellogg conducted after Wright filed a grievance concerning a disciplinary action against him. The court, Allen L. Garbrecht, J., granted summary disposition in favor of Kellogg, determining that the notes were exempt from disclosure under ERKA. Wright appealed.

The Court of Appeals *held*:

1. The ERKA definition of a "personnel record" in MCL 423.501(2)(c) includes a record that identifies the employee and "is used or has been used, or may affect or be used relative to the employee's qualifications for employment, promotion, transfer, additional compensation, or disciplinary action." Records limited to grievance investigations that are kept separately and are not used for those purposes are excluded under MCL 423.501(2)(c)(*vi*) from the ERKA definition of "personnel record" and are not available to employees under the act.

2. The five-step grievance process in this matter was a systematic or official inquiry into the matter that fell within the plain meaning of the words "grievance investigations" in MCL 423.501(2)(c)(*vi*). The process was limited in scope and was not used for original or new actions related to an employee's qualifications for employment, promotion, transfer, additional compensation, or disciplinary action. The notes from the grievance investigation of a disciplinary action fall within the exclusion from the definition of "personnel record." The trial court did not err by granting summary disposition in Kellogg's favor on the basis of the grievance-investigation exclusion to the definition of a personnel record.

Affirmed.

MASTER AND SERVANT — EMPLOYEE RIGHT TO KNOW ACT — WORDS AND PHRASES — PERSONNEL RECORDS — GRIEVANCE INVESTIGATIONS.

The Employee Right to Know Act excludes from the definition of "personnel record" records limited to grievance investigations that are kept separately and are not used relative to an employee's qualifications for employment, promotion, transfer, additional compensation, or disciplinary action; a "grievance investigation" is a systematic or official inquiry into a grievance that is not used for original or new actions related to an employee's qualifications for employment, promotion, transfer, additional compensation, or disciplinary action, so notes from a grievance investigation of a disciplinary action fall within the grievance-investigation exclusion (MCL 423.501[2][c][*vi*]).

*Silverman, Smith & Rice, P.C.* (by *Robert W. Smith*), for plaintiff.

*Miller Johnson* (by *Craig H. Lubben*) for defendant.

Before: SAWYER, P.J., and BANDSTRA and WHITBECK, JJ.

PER CURIAM. Plaintiff, Dennis Wright, appeals as of right from the trial court's order granting summary disposition in favor of defendant, Kellogg Company, and dismissing Wright's claim for a violation of the Employee Right to Know Act (ERKA).[1] We affirm.

### I. BASIC FACTS AND PROCEDURAL HISTORY

Wright was a Kellogg employee for 35 years before retiring in 2005. In November 2002, Wright received a disciplinary action that included a 34-day suspension. After the suspension, Wright filed a grievance concerning the disciplinary action.

Wright was not satisfied with the grievance process and later requested copies of his personnel records related to the grievance procedure. On June 7, 2005,

---

[1] MCL 423.501 *et seq.*

Kellogg's human resources manager, Keith Sutton, wrote a letter stating that the requested documents were company property and not provided to employees.

On March 21, 2007, Wright's then attorney wrote a letter requesting Wright's employment file. Heather Hudson, counsel for Kellogg, responded in an e-mail dated March 28, 2007. She stated that Kellogg had previously sent Wright's personnel record to another attorney on behalf of Wright and that a follow-up request asked for notes from grievance meetings or other notes that management kept. According to Hudson, ERKA did not require such notes to be included with the personnel record and, therefore, Kellogg did not release them. Wright then filed this lawsuit claiming that Kellogg's refusal to release those notes with his personnel record was a violation of ERKA.

Kellogg moved for summary disposition on both procedural and substantive grounds. Procedurally, Kellogg claimed that Wright's complaint was improper because he did not follow ERKA's procedural steps to first review his file and then ask for copies of it. Substantively, Kellogg claimed that, under the statutory definition of "personnel record," the notes from the grievance proceedings were not part of the personnel record and therefore Kellogg did not have to release the notes to Wright.

The trial court determined that the procedural argument was moot and that Kellogg had waived the argument because it did in fact provide Wright with a copy of his personnel record. On the substantive issue, the trial court determined that the notes "are records maintained by management separately from these grievance hearings, and . . . there's no evidence that they've been used as a part of any disciplinary

action, and therefore they are exempt from disclosure." The trial court therefore granted Kellogg's motion for summary disposition. Wright now appeals. (We note that Kellogg has not filed a cross-appeal related to the trial court's decision on the procedural argument, and therefore this issue is not before us.)

## II. INTERPRETING ERKA

### A. STANDARD OF REVIEW

Wright argues that notes taken during a grievance proceeding are considered personnel records for purposes of ERKA and are not subject to exemption under MCL 423.501(2)(c)(*vi*) or (*viii*). We review de novo a trial court's decision on a motion for summary disposition.[2] We also review de novo questions of statutory interpretation.[3]

### B. STATUTORY PROVISIONS

ERKA defines "personnel record" as follows:

"Personnel record" means a record kept by the employer that identifies the employee, to the extent that the record is used or has been used, or may affect or be used relative to that employee's qualifications for employment, promotion, transfer, additional compensation, or disciplinary action. A personnel record shall include a record in the possession of a person, corporation, partnership, or other association who has a contractual agreement with the employer to keep or supply a personnel record as provided in this subdivision. A personnel record shall not include:

\* \* \*

---

[2] *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 196; 747 NW2d 811 (2008).

[3] *Bronson Methodist Hosp v Allstate Ins Co*, 286 Mich App 219, 223; 779 NW2d 304 (2009).

(*vi*) Records limited to grievance investigations which are kept separately and are not used for the purposes provided in this subdivision.

\* \* \*

(*viii*) Records kept by an executive, administrative, or professional employee that are kept in the sole possession of the maker of the record, and are not accessible or shared with other persons. However, a record concerning an occurrence or fact about an employee kept pursuant to this subparagraph may be entered into a personnel record if entered not more than 6 months after the date of the occurrence or the date the fact becomes known.[4]

### C. LEGAL STANDARDS

The main objective in interpreting a statute "is to ascertain and give effect to the Legislature's intent."[5] When the Legislature does not define words, we are to give them their plain and ordinary meaning.[6] "[W]here a statute contains a specific statutory provision and a related, but more general, provision, the specific one controls."[7]

[T]he purpose of the ERKA is to establish an individual employee's right to examine the employee's personnel records, i.e., the documents that are being kept by the employer concerning that employee. In the ERKA, the term "personnel record" is generally defined, but certain materials and information are identified that are excluded from the definition, and are not available to the employee.[8]

---

[4] MCL 423.501(2)(c).

[5] *Wolverine Power Supply Coop, Inc v Dep't of Environmental Quality*, 285 Mich App 548, 558; 777 NW2d 1 (2009) (quotation marks and citation omitted).

[6] *Id.*

[7] *Id.* at 559 (quotation marks and citation omitted).

[8] *Newark Morning Ledger Co v Saginaw Co Sheriff*, 204 Mich App 215, 221; 514 NW2d 213 (1994).

### D. MCL 423.501(2)(c)(*vi*) OF ERKA

As set out earlier in this opinion, the general statutory definition of "personnel record" in ERKA includes a record that identifies the employee and "is used or has been used, or may affect or be used relative to that employee's . . . disciplinary action."[9] MCL 423.501(2)(c)(*vi*) excludes one subset of materials and information from the general definition: "[r]ecords limited to grievance investigations which are kept separately and are not used for the purposes provided in this subdivision."[10] Therefore, these materials and information are not available to employees.

Wright argues that the proceeding in question was not a grievance "investigation," but was a process of appealing a disciplinary action. Therefore, he asserts, whatever action Kellogg took was necessarily related to a disciplinary action. Thus, according to Wright, all notes associated with the disciplinary action at every stage are part of his personnel record.

Black's Law Dictionary defines "investigate" as "[t]o inquire into (a matter) systematically" or "[t]o make an official inquiry."[11] It follows then that an investigation is a systematic inquiry or an official inquiry. The grievance process in this case was a five-step process following Wright's grievance over Kellogg's disciplinary actions. This five-step process was a systematic or official inquiry into the matter and therefore falls with the plain meaning of the words "grievance investigations."[12]

---

[9] MCL 423.501(2)(c).

[10] MCL 423.501(2)(c)(*vi*).

[11] Black's Law Dictionary (7th ed), p 830.

[12] See *Wolverine*, 285 Mich App at 558.

Further, the exclusion for grievance-investigation records is a specific statutory provision that controls only the grievance process, as opposed to original disciplinary actions.[13] The grievance-investigation process is limited in scope and is not used for original or new actions related to an "employee's qualifications for employment, promotion, transfer, additional compensation, or disciplinary action."[14] Therefore, notes from the grievance investigation of a disciplinary action fall within the exclusion under MCL 423.501(2)(c)(*vi*).

We note that Wright's interpretation of the statute would render the exclusion under MCL 423.501(2)(c)(*vi*) virtually meaningless because a grievance of any item listed in the general definition of "personnel record" would not fall within the exclusion, thereby limiting the exclusion only to grievances of issues already outside the definition of "personnel record."

### E. MCL 423.501(2)(c)(*viii*) OF ERKA

Given our conclusions with respect to MCL 423.501(2)(c)(*vi*) of ERKA, we need not address Wright's arguments with respect to MCL 423.501(2)(c)(*viii*).

### III. CONCLUSION

We affirm the trial court's order granting summary disposition in favor of Kellogg on the basis of the MCL 423.501(2)(c)(*vi*) grievance-investigation exclusion to ERKA's definition of "personnel record."

---

[13] See MCL 423.501(2)(c)(*vi*).

[14] MCL 423.501(2)(c).