# STATE OF MICHIGAN

# COURT OF APPEALS

---

LEEBOLDT INC., d/b/a CAPITAL CITY
WIRELESS AND MORE,

        Plaintiff-Appellant,

v

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
May 5, 2015

No. 319933
Ingham Circuit Court
LC No. 11-000526-CK

---

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

GADOLA, J. *(dissenting)*.

I respectfully dissent because I believe it was well within the trial court's discretion to increase plaintiff's required security bond from $2,500 to $25,000.

MCR 2.109(A) provides that "if it appears reasonable and proper, the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses . . . . The court shall determine the amount in its discretion." In this case, the court ordered plaintiff to post a $2,500 security, then increased the amount to $25,000 after defendant filed a motion for reconsideration. In its order, the trial court indicated that it was granting defendant's motion because the $2,500 security was "insufficient to cover all of [the] expenses if Defendant succeeds at trial."

The majority opinion concludes that the trial court abused its discretion in granting defendant's motion for reconsideration because the court erroneously interpreted MCR 2.109(A) as requiring it to order a security in an amount sufficient to cover all costs and expenses, when MCR 2.109(A) is permissive and does not require a bond in any specific amount. I disagree. I believe the trial court increased the security amount because it properly considered evidence of the case evaluation award and the circumstances surrounding the case to conclude that plaintiff had little chance of future success on its claims, and because it reasonably determined that defendant's litigation costs would exceed $25,000.

In deciding a motion for reconsideration, MCR 2.119(F)(3) grants trial courts broad discretion to review all evidence and to reconsider previous rulings. *Sutton v Oak Park*, 251 Mich App 345, 349; 650 NW2d 404 (2002). Thus, " '[i]f a trial court wants to give a 'second chance' to a motion it has previously denied, it has every right to do so, and [MCR 2.119(F)(3)]

does nothing to prevent this exercise of discretion.' " *Kokx v Bylenga*, 241 Mich App 655, 658-659; 617 NW2d 368 (2000), quoting *Smith v Sinai Hosp of Detroit*, 152 Mich App 716, 723; 394 NW2d 82 (1986) (first alteration in original).

The majority contends that the trial court's only reason for increasing the security was a belief that its original order violated MCR 2.109(A).[1] In my reading of the trial court's order, the court does not insinuate that it relied solely on a belief that its initial security order violated MCR 2.109(A). Rather, the order shows that the court granted defendant's motion because "Defendant [raised] a new issue regarding the amount of the security bond not covering all costs and other recoverable expenses." It was perfectly reasonable, and within the trial court's discretion, to conclude that plaintiff stood little chance of success on the merits of its claim, and that the costs and recoverable expenses in defending the action would meet or exceed $25,000. Based on the facts and circumstances of this case, I cannot say that the trial court abused its discretion in determining that an increased security amount was warranted under MCR 2.109(A).

Regarding the remaining arguments on appeal, plaintiff claims that the $25,000 security was inappropriate because plaintiff was not financially able to furnish such a security. However, plaintiff did not file an affidavit asserting this fact, as required by MCR 2.109(B)(1), until after it filed its motion for reconsideration. Plaintiff forfeited review of this issue by failing to timely file an affidavit and invoke MCR 2.109(B)(1). See *Vushaj v Farm Bureau Gen Ins Co*, 284 Mich App 513, 519; 773 NW2d 758 (2009) ("Where an issue is first presented in a motion for reconsideration, it is not properly preserved.").

Alternatively, plaintiff argues that the trial court should have considered the issue of posting bond under MCR 2.403(N)(3) rather than MCR 2.109(A). MCR 2.403(N)(3) requires a party to post bond in the amount of $5,000 if a case evaluation panel determines that the party's claim or defense was frivolous. Here, the case evaluation panel never stated that plaintiff's claims were "frivolous." Moreover, defendant moved the trial court to require a bond for costs under MCR 2.109(A), not MCR 2.403(N)(3). Plaintiff offers no explanation or authority to show that defendant was required to bring its motion under MCR 2.403(N)(3) rather than MCR 2.109(A). An appellant may not simply "announce a position . . . and then leave it up to this Court to discover and rationalize the basis for his claims." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Plaintiff's arguments regarding MCR 2.403(N) lack merit.

For these reasons, I would affirm the trial court.

/s/ Michael F. Gadola

---

[1] Quoting the trial court's order, the majority opinion states, "The trial court indicated that its reason for [increasing the security] was that it 'erred by granting a security bond which does not comport with the court rule.' " However, the prefatory language to this quote from the trial court's order states, "Defendant argues this Court erred by granting a security bond which does not comport with the court rule."