LANDRY v CITY OF DEARBORN

Docket No. 241668. Submitted November 12, 2003, at Detroit. Decided November 18, 2003, at 9:00 A.M.

David B. Landry brought an action in the Oakland Circuit Court against the city of Dearborn, seeking disclosure pursuant to the Freedom of Information Act, MCL 15.231 *et seq.*, of copies of employment applications received by the defendant from persons not hired as Dearborn police officers and of copies of all correspondence sent to those unsuccessful applicants informing them that they were not selected. On motions by the parties for summary disposition, the court, Rudy J. Nichols, J., granted summary disposition for the plaintiff, ruling that the records sought were not personnel records of a law enforcement agency that may be exempted from disclosure under the FOIA unless the public interest in disclosure outweighs the public interest in nondisclosure. MCL 15.243(1)(s)(ix). The defendant appealed.

The Court of Appeals *held*:

1. Requested records are exempt from disclosure under MCL 15.243(1)(s)(ix) if the records are personnel records of a law enforcement agency and if the public interest in protecting the records outweighs the public interest in disclosure of the records.

2. The term "personnel records," as used in MCL 15.243(1)(s)(ix), includes all records used by law enforcement agencies in the selection or hiring of employees. The trial court erred as a matter of law when it ruled that the exemption provided in MCL 15.243(1)(s)(ix) is limited to personnel records of current employees of law enforcement agencies.

3. Disclosure of the employment applications of individuals not hired by the defendant would not be in the public's best interest. Most of the applicants work, or are likely to work, as police officers in other jurisdictions. Disclosure of the applications will allow public access to personal and sensitive information about current police officers or those likely to be police officers, and would have a chilling effect on future applications because some might decide not to apply if personal and sensitive information about them and their families are subject to disclosure.

4. While a public interest may be involved in the plaintiff's proposed review of applications to determine if the defendant is not hiring as police officers those who are fluent in Arabic, given that the city of Dearborn has a substantial Arabic population, the defendant's application form does not request information from applicants about fluency in foreign languages. The plaintiff has not demonstrated how the public interest will be furthered by the release of the requested information.

Reversed and remanded for entry of judgment in favor of the defendant.

RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS — PERSONNEL RECORDS OF LAW ENFORCEMENT AGENCIES.

The application forms of unsuccessful applicants for employment as police officers of a municipality, and correspondence sent by the municipality to such applicants, are personnel records of a law enforcement agency that may be exempt from disclosure pursuant to the Freedom of Information Act, unless the public interest in disclosure outweighs the public interest in nondisclosure (MCL 15.243[1][s][ix]).

*Nemeir, Tolari, Landry, Mazzeo & Johnson, P.C.* (by *Jeffrey L. Tolari* and *Nancy Vayda Dembinski*), for the plaintiff.

*William H. Irving* and *Debra A. Walling* for the defendant.

Before: OWENS, P.J., and FITZGERALD and SAAD, JJ.

FITZGERALD, J. Defendant, city of Dearborn, appeals as of right an order granting summary disposition in favor of plaintiff, David B. Landry, in this action under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.* We reverse and remand.

On June 6, 2001, plaintiff submitted to defendant a request under the FOIA for copies of all employment applications received by defendant from unsuccessful applicants for the position of police officer from 1998 to the present. Plaintiff also asked for copies of all correspondence sent to applicants informing the

applicants that they would not be hired as a police officer. Defendant denied the request on June 29, 2001, on the grounds that the records were exempt from disclosure under MCL 15.243(1)(s)(ix)[1] and that the public interest in disclosing the information did not outweigh the public's interest in nondisclosure of the information.

Plaintiff subsequently commenced this action, claiming that MCL 15.243(1)(s)(ix) did not apply because applications for employment of individuals who were not hired do not constitute personnel records of the police department. In the alternative, plaintiff claimed that the public interest would be served by releasing the information because the city of Dearborn has a substantial Arabic population, but only two of its police officers speak Arabic. Plaintiff alleged that it was in the public's interest to review defendant's hiring process to determine how many Arabic candidates applied for jobs and were not hired.

Plaintiff moved for summary disposition under MCR 2.116(C)(10). In response, defendant argued that summary disposition in favor of defendant was appropriate because no public interest would be served by releasing the requested information. Defendant stated that applications for employment do not require applicants to reveal an ability to speak a foreign language and, therefore, review of the applications would not provide plaintiff with the information he believed was in the public's best interest. Similarly, correspondence

---

[1] Throughout the lower court proceedings the parties refer to MCL 15.243(1)(t). However, MCL 15.243(1)(t) was redesignated as MCL 15.243(1)(s), by an amendment adopted in 2000. This opinion will therefore cite § 243(1)(s).

sent to applicants who were not hired also did not reveal any foreign language ability. Defendant also argued that the term "personnel" in MCL 15.243(1)(s)(ix) extends to all records related to the recruitment of employees, not just the records of those actually hired.[2]

The trial court granted summary disposition in favor of plaintiff, finding that the applications requested were not personnel records of the police department and did not fall within an exemption. Thus, the court granted plaintiff's motion in part, requiring defendant to produce the requested applications, with any Social Security numbers redacted, within twenty-one days.[3]

The issue presented is whether the employment applications of individuals applying for the position of police officer are exempt from disclosure under the FOIA. The application of exemptions requiring legal determinations is reviewed under a de novo standard. *Federal Publications, Inc v City of Lansing*, 467 Mich 98, 101; 649 NW2d 383 (2002).

Under the FOIA, public bodies are required to disclose all public records that are not specifically exempt from disclosure under the act. *Sclafani v Domestic Violence Escape*, 255 Mich App 260, 264; 660 NW2d 97 (2003). MCL 15.243(1) sets forth certain exemptions available to public bodies to protect cer-

---

[2] Defendant also argued that the release to the public of applications submitted for the position of police officer would have a chilling effect on the number of applicants because many applicants are employed as police officers in other jurisdictions.

[3] The trial court granted a stay of its order in this matter until further order of the trial court.

tain types of records from disclosure. Section
243(1)(s)(ix) provides as follows:[4]

> (1) A public body may exempt from disclosure of a pub-
> lic record under this act:
>
>                    *     *     *
>
> (s) Unless the public interest in disclosure outweighs the
> public interest in nondisclosure in the particular instance,
> public records of a law enforcement agency, the release of
> which would do any of the following:
>
>                    *     *     *
>
> (ix) Disclose personnel records of law enforcement
> agencies.

Under the above exemption, requested records are
exempt from disclosure if two grounds are satisfied.
First, the records must qualify under the exemption
for personnel records in § 243(1)(s)(ix). Second, the
public interest in protecting the records must out-
weigh the public interest in reviewing the records.
The burden is on the public body to prove that a
record is exempt under the FOIA, and that a record is
exempt under the public-interest balancing test. *Fed-
erated Publications, supra* at 107-109; MCL 15.240(4).

Whether applications for employment qualify for
exemption under § 243(1)(s)(ix) depends on how the
phrase "personnel records of law enforcement agen-
cies" is interpreted. The term "personnel" with regard
to the FOIA has not been defined in a published opin-
ion in Michigan. Although it has been held that a law
enforcement agency's records of internal investiga-

_____

[4] Section 243(1) was amended by 2002 PA 130 and 2002 PA 437. This
opinion refers to the version of the statute that was in effect in 2001 when
plaintiff submitted his request for the records.

tions fall within § 243(1)(s)(ix), see, e.g., *Kent Co Deputy Sheriffs Ass'n v Kent Co Sheriff*, 463 Mich 353, 365-367; 616 NW2d 677 (2000), and *Sutton v City of Oak Park*, 251 Mich App 345, 350; 650 NW2d 404 (2002), in those decisions and others applying § 243(1)(s)(ix) the terms "personnel" and "personnel records" have not been defined.

The primary goal of judicial interpretation of statutes is to discern and give effect to the intent of the Legislature. This Court discerns that intent by examining the specific language of a statute. If the language is clear, this Court presumes that the Legislature intended the meaning it has plainly expressed and the statute will be enforced as written. *Pohutsky v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). Unless otherwise defined in the statute, or understood to have a technical or peculiar meaning in the law, every word or phrase of a statute will be given its plain and ordinary meaning. See MCL 8.3a.

Generally, dictionary definitions of the term "personnel" appear to limit that term to actual employees of an organization when the word is used as a noun. In *The Random House Webster's Unabridged Dictionary (2d ed)*, p 1446, "personnel," as a noun, is defined as "a body of persons employed in an organization or place of work." Similarly, *Webster's New Twentieth Century Dictionary, Unabridged (2d ed)*, p 1339, defines "personnel" as "persons employed in any work, enterprise, service, establishment, etc." *The American Heritage Dictionary of the English Language*, p 979, defines the word as "[t]he body of persons employed by or active in an organization, business, or service."

However, the term "personnel" is not used in the statute as a noun, but rather as an adjective. Thus, the term can be given a broader meaning. The term "personnel" is not used to describe what group of people the records encompass, such as all active employees, but to describe the type of documents protected. *Webster's New Twentieth Century Dictionary, Unabridged (2d ed)*, p 1339, gives an alternative definition for the term "personnel" when that word is used as an adjective: "of or in charge of personnel." As an example of the use of that term as an adjective, *Webster's* includes the following:

> *[P]ersonnel director:* (a) one who is in charge of the personnel of a business establishment; his duty is to supervise the selection, and sometimes training, of the personnel;
> . . .

*The Random House Webster's Unabridged Dictionary (2d ed)*, p 1446, defines "personnel department" as follows:

> *[P]ersonnel' depart'ment,* the department in an organization dealing with matters involving employees, as hiring, training, labor relations, and benefits. Also called *human resources department.*

The FOIA is intended to promote the disclosure of information. Consequently, the exemptions to disclosure are narrowly construed. *Herald Co v Bay City*, 463 Mich 111, 119; 614 NW2d 873 (2000). Despite this rule of construction, the plain and ordinary meaning of the term "personnel records" in § 243(1)(s)(ix) includes all records used by law enforcement agencies in the selection or hiring of employees. The Legislature's use of the term "personnel" as an adjective

encompasses all facets of the employment process, not simply records related to current employees of an agency. Thus, the trial court erred an as a matter of law when it held that the exemption was limited to personnel records of existing employees of law enforcement agencies.

Other exemptions adopted by the Legislature also support construing § 243(1)(s)(ix) as extending to all records of a personnel department. Other exemptions included in § 243(1)(s) prevent the public from obtaining personal information about active police officers that would typically also appear in an officer's personnel file.

(1) A public body may exempt from disclosure as a public record under this act:

\*     \*     \*

(s) Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a law enforcement agency, the release of which would do any of the following:

\*     \*     \*

(*ii*) Identify or provide a means of identifying a law enforcement undercover officer or agent or a plain clothes officer as a law enforcement officer or agent.

(*iii*) Disclose the personal address or telephone number of law enforcement officers or agents or any special skills that they may have.

(*iv*) Disclose the name, address, or telephone numbers of family members, relatives, children, or parents of law enforcement officers or agents.[5]

---

[5] Both §§ 243(1)(s)(*iii*) and (*iv*) were amended by 2002 PA 130 to include the phrase, "active or retired" to describe records of the law enforcement officers or agents exempt from disclosure.

\*     \*     \*

(*vii*) Endanger the life or safety of law enforcement officers or agents or their families, relatives, children, parents, or those who furnish information to law enforcement departments or agencies.

(*viii*) Identify or provide a means of identifying a person as a law enforcement officer, agent, or informer. . . . [MCL 15.243(1)(5).]

As a rule of construction, "no part of a statute should be treated as mere surplusage or rendered nugatory." *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285, 299; 565 NW2d 650 (1997). In other parts of § 243(1)(s), the Legislature had protected from disclosure personal information about active police officers that would subject them to risk, such as their names, addresses, telephone numbers, and family information. Much of this information is found in personnel records. Therefore, we conclude that the Legislature did not intend to limit § 243(1)(s)(ix) to only personnel records of active employees when it clearly has protected much of the same information in other exemptions.

Our conclusion that the requested records qualify as personnel records subject to exemption under § 243(1)(s)(ix) does not automatically render the requested records exempt. *Federated Publications*, *supra* at 109. Rather, the records are merely exemptible and are exempt only if the public-interest balancing test is satisfied. *Id.* at 109-110. Because the trial court held that the records were not exempt under § 243(1)(s)(ix) as personnel records, the trial court did not address the public-interest balancing test. Although the Supreme Court has mandated that a trial court's ruling on the public-interest balancing

test must be given deference and reviewed for clear error, *Federated Publications, supra* at 106-107, we conclude that it would be a waste of judicial resources to remand this matter to the trial court to first rule on the public-interest balancing test because the facts are generally not in dispute.

The affidavit of Alan Wozniak, defendant's human resources administrator, provides support for finding that that the release of employment applications of individuals not hired would not be in the public's best interest. Wozniak averred that many of those applying for jobs with defendant's police department are currently working for other agencies as police officers. Therefore, disclosure of this information would allow the public to have access to the home addresses and other sensitive information about current police officers, even if they are not now working in Dearborn.

Furthermore, in order to qualify for the position of police officer with defendant, a candidate must have taken the Michigan Commission on Law Enforcement Standards (MCOLES) physical agility and written tests, and qualify under the MCOLES employment standards or submit verification of certification as a police officer. Applicants for the job typically will have some form of law enforcement training or background, even if not currently employed in that capacity. If applicants for positions with defendant are not working in law enforcement at the time they apply, it is reasonable to believe that many of them will eventually obtain jobs with law enforcement agencies. Therefore, the majority of individuals who apply for positions as police officers with defendant likely will serve as law enforcement officers at some point, mak-

ing the disclosure of information from their applications a security risk for the majority of applicants. The Legislature clearly intended to protect from disclosure the addresses and other information about the private lives of police officers by adopting the exemptions in § 243(1)(s).

Moreover, as Wozniak points out in his affidavit, releasing the applications would likely have a chilling effect on future applications. Certain individuals, particularly those who have previously worked in law enforcement, may decide not to apply for other positions because of the risk to their own lives or the safety of their families. As a result, defendant may have a smaller pool of candidates to choose from and may be limited in its efforts to recruit more experienced officers. Certainly, the public interest would not be served if defendant's ability to fill positions in the future from the best possible pool of candidates were frustrated.

Plaintiff's argument in favor of disclosure of the information does involve the public interest. According to plaintiff, he wants to review the applications to determine if defendant is not hiring as police officers individuals who are fluent in Arabic. This information clearly would be in the public's interest, particularly for Dearborn residents. However, plaintiff has not shown that this public interest will be satisfied by the release of the applications.

A review of defendant's application form reveals that it does not request information from applicants about fluency in foreign languages. Nor would releasing any correspondence sent by defendant to rejected applicants lead to furthering this interest. Therefore, although plaintiff may have a valid public interest

in mind, he has not demonstrated how that interest will be furthered by the release of the requested information.

Furthermore, redaction of the applications is not appropriate in this case. Even if defendant redacted sensitive information on the applications, because the applications or any correspondence do not contain information about foreign language skills, a redacted application would not provide plaintiff with the information he claims to be seeking in order to further the public interest.

Reversed and remanded for entry of judgment in favor of defendant. Jurisdiction is not retained.