*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL W. RUDD,

   Plaintiff-Appellee/Cross-Appellant,

v

CITY OF NORTON SHORES,

   Defendant-Appellant/Cross-
   Appellee.

UNPUBLISHED
June 18, 2019

No. 343759
Muskegon Circuit Court
LC No. 17-004334-CZ

DANIEL W. RUDD,

   Plaintiff-Appellee,

v

CITY OF NORTON SHORES,

   Defendant-Appellant.

No. 344727
Muskegon Circuit Court
LC No. 17-004334-CZ

Before: K. F. KELLY, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

In this action brought pursuant to Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, defendant, City of Norton Shores, appeals from the trial court's order granting partial summary disposition in favor of plaintiff, Daniel W. Rudd, and ordering the disclosure of initial complaints filed by the general public against the Norton Shores Police Department between January 1, 2014 and January 1, 2017. Plaintiff cross-appeals from the same order because the trial court granted partial summary disposition in favor of defendant and held exempt from disclosure documents deemed "personnel records" under MCL 15.243(1)(s)(*ix*).

For the reasons stated, we affirm in part that portion of the trial court's opinion and order which concluded that complaints received by the Norton Shores Police Department from sources

-1-

outside the department are required to be produced in response to a FOIA request. We also affirm the trial court's ruling that the investigative records related to internal complaints by law enforcement officers against fellow officers were exempt under MCL 15.243(1)(s)(*ix*). We reverse, however, that portion of the trial court's opinion and order regarding the disclosure of disposition reports or records documenting the results of investigations stemming from initial citizen complaints and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff sought documents from the Norton Shores Police Department regarding its handling of complaints from January 1, 2014 to the present including written reports, disposition, or documents describing the results of internal investigations. Defendant denied plaintiff's FOIA request on the ground that the documents were exempt under MCL 15.243(1)(s)(*ix*) because they were kept in personnel records of a law enforcement agency. Plaintiff appealed the agency's decision and the mayor of Norton Shores denied it. Consequently, plaintiff sued defendant alleging that it violated FOIA by failing to provide the requested documents. Plaintiff alleged that the documents he sought were not exempt as personnel records of a law enforcement agency and that defendant's reason for withholding the documents lacked merit. Plaintiff maintained that the public's interest in governmental accountability required disclosure of defendant's handling of citizen complaints because the public cannot hold officials accountable without access to the information on which to evaluate their actions. Plaintiff later amended his complaint to additionally allege that defendant improperly issued a blanket denial that did not distinguish between nonexempt and exempt records and failed to establish the public's interest in nondisclosure of the records he requested.

Defendant moved for summary disposition supported by an affidavit of Jon Gale, Norton Shores' Chief of Police, in which he stated that receipt of citizen complaints resulted in the opening of internal investigations, and all records related to such complaints were kept in investigation files. Further, Gale offered a number of reasons why the police department considered the requested documents exempt from disclosure including that nondisclosure prevented inhibiting citizens from making complaints and facilitated police officers' cooperation with internal affairs investigations.

The trial court reviewed records and determined that internal investigation records were exempt and disclosure of such records did not serve the public interest. The trial court, however, also ruled that the citizen complaints themselves were not exempt under FOIA which favored disclosure and required defendant to separate exempt from nonexempt materials. The trial court rejected defendant's claim that citizen complaints placed in officers' personnel records became exempt personnel records. The trial court conducted the balancing test required for exemption of records under MCL 15.243(1)(s)(*ix*) and found that the public's interest in disclosure outweighed the reasons for not disclosing the citizen complaints. Nevertheless, the trial court ruled that internal investigation records were exempt under FOIA's personnel records exemption and that the balancing test favored nondisclosure.

The trial court ruled that defendant need not disclose complaints submitted by defendant's law enforcement officers against one another, as well as members of a multijurisdictional law enforcement team, because such could constitute personnel matters.

However, the trial court held that "this exception would not apply when the complainant is an officer in another jurisdiction," in which case it ordered that defendant disclose any such complaint. Accordingly, the trial court ordered that defendant deliver all qualifying citizen complaints within 14 days for ultimate disclosure to plaintiff. The trial court granted summary disposition to defendant in all other respects. The trial court denied plaintiff's pending motion seeking a records index because it reviewed *in camera* the records at issue and determined whether defendant properly characterized the information it claimed as exempt. The trial court did not require defendant to disclose final disposition statements or written reports respecting the outcome of citizen complaints investigations.

## II. STANDARDS OF REVIEW

We review de novo the trial court's interpretation and application of FOIA including the trial court's decisions whether "a particular document or recording constitutes a 'public record' within the meaning of FOIA." *Rataj v Romulus*, 306 Mich App 735, 747; 858 NW2d 116 (2014) (citations omitted). "[T]he clear error standard of review is appropriate in FOIA cases where a party challenges the underlying facts that support the trial court's decision." *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 472; 719 NW2d 19 (2006). "Clear error exists only when the appellate court is left with the definite and firm conviction that a mistake has been made." *Id*. at 471 (quotation marks and citation omitted). We review a trial court's "discretionary determination for an abuse of discretion and cannot disturb the trial court's decision unless it falls outside" the range of principled outcomes. *Id*. at 472.

## III. ANALYSIS

"In construing the provisions of the act, we keep in mind that the FOIA is intended primarily as a prodisclosure statute and the exemptions to disclosure are to be narrowly construed." *Swickard v Wayne Co Med Examiner*, 438 Mich 536, 544; 475 NW2d 304 (1991). "FOIA's disclosure provisions must be interpreted broadly to ensure public access." *Rataj*, 306 Mich App at 748. "Simply put, the core purpose of FOIA is disclosure of public records in order to ensure the accountability of public officials." *Practical Political Consulting v Secretary of State*, 287 Mich App 434, 465; 789 NW2d 178 (2010). Further, FOIA provides "the people of Michigan 'full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees,' thereby allowing them to 'fully participate in the democratic process.' " *Amberg v Dearborn*, 497 Mich 28, 30; 859 NW2d 674 (2014), quoting MCL 15.231(2). "A FOIA request must be fulfilled unless MCL 15.243 lists an applicable specific exemption." *Coblentz v Novi*, 475 Mich 558, 573; 719 NW2d 73 (2006). "Because FOIA is a prodisclosure act, the public agency bears the burden of proving that an exemption applies." *Id*. at 574; see also MCL 15.240(4). "To meet this burden, the public body claiming an exemption should provide complete particularized justification, rather than simply repeat statutory language." *Detroit Free Press v Warren*, 250 Mich App 164, 167; 645 NW2d 71 (2002).

## A. DEFENDANT'S APPEAL

Defendant claims that the trial court erred by ordering the public disclosure of the citizen complaints. The record reflects that defendant has already disclosed the documents to plaintiff.

Although we could decline to consider defendant's claim of appeal as having been rendered moot by disclosure, see *Federated Publications, Inc v Lansing*, 467 Mich 98,112; 649 NW2d 383 (2002), abrogated in part on other grounds *Herald Co*, 475 Mich at 471-472, we nevertheless consider this issue to clarify that the trial court did not err by ordering the public disclosure of the citizen complaints.

"The purpose of FOIA is to provide to the people of Michigan 'full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees,' thereby allowing them to 'fully participate in the democratic process.' " *Amberg v Dearborn*, 497 Mich 28, 30; 859 NW2d 674 (2014), quoting MCL 15.231(2). "A FOIA request must be fulfilled unless MCL 15.243 lists an applicable specific exemption." *Coblentz v Novi*, 475 Mich 558, 573; 719 NW2d 73 (2006), reh den 477 Mich 1201 (2006). "Because FOIA is a prodisclosure act, the public agency bears the burden of proving that an exemption applies." *Id*. at 574; see also MCL 15.240(4). "To meet this burden, the public body claiming an exemption should provide complete particularized justification, rather than simply repeat statutory language." *Detroit Free Press v Warren*, 250 Mich App 164, 167; 645 NW2d 71 (2002), lv den 467 Mich 948 (2003).

Defendant claims that the citizen complaints sought by plaintiff were properly exemptible from disclosure under MCL 15.243(1)(s)(*ix*), which states:

> (1) A public body may exempt from disclosure as a public record under this act any of the following:

> * * *

> (s) Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a law enforcement agency, the release of which would do any of the following:

> * * *

> (*ix*) Disclose personnel records of law enforcement agencies.

In *Landry v Dearborn*, 259 Mich App 416, 420; 674 NW2d 697 (2003), this Court explained that FOIA requires that the trial court engage in a two-pronged inquiry when applying MCL 15.243(1)(s)(*ix*):

> Under the above exemption, requested records are exempt from disclosure if two grounds are satisfied. First, the records must qualify under the exemption for personnel records in § 243(1)(s)(*ix*). Second, the public interest in protecting the records must outweigh the public interest in reviewing the records. The burden is on the public body to prove that a record is exempt under the FOIA, and that a record is exempt under the public-interest balancing test.

In this case, the trial court ordered the disclosure of citizen-initiated complaints. Defendant essentially argues that, because it designated the records as "personnel records" of a law enforcement agency, the trial court should have skipped the first prong of the inquiry and engaged in the public-interest balancing test. This argument requires that this Court accept as a

*fait accompli* that the citizen complaints constituted personnel records of a law enforcement agency because those complaints, eventually, may prompt the law enforcement agency to conduct an internal review of the claims alleged by the citizen's complaint. Although FOIA does not provide any specific exemption for this type of record, this Court has held on several occasions that records of internal affairs investigations are exemptible as personnel records. A deeper analysis of these cases, however, reveals that nondisclosure on this ground is not as simple as defendant argues.

FOIA does not provide any statutory definition as to the intended meaning of "personnel records of law enforcement agencies." However, in *Landry*, 259 Mich App at 422-423, this Court looked to dictionary definitions and noted that "personnel" is an adjective modifying the type of records described. This Court then held that "[t]he Legislature's use of the term 'personnel' as an adjective encompasses all facets of the employment process, not simply records related to current employees of an agency," and, further, that this particular exemption "extend[ed] to all records of a personnel department," including the hiring, training, labor relations, discipline, and benefits of employees. Of significance to this case, however, this Court has also held that "[t]he location of the documents is not determinative of the applicability of the personnel records exemptions." See *Newark Morning Ledger Co v Saginaw Co Sheriff*, 204 Mich App 215, 219; 514 NW2d 213 (1994). Accordingly, the asserted exemption cannot shield records from disclosure simply because the agency has chosen to place or store the record in a file containing personnel records because such a result "would undercut the policy of full and complete disclosure mandated by the FOIA." *Id*. at 220. In applying the FOIA, trial courts must always bear in mind that "the exemptions to disclosure are to be narrowly construed," *Swickard*, 438 Mich at 544, because "the core purpose of FOIA is disclosure of public records in order to ensure the accountability of public officials." *Practical Political Consulting*, 287 Mich App at 465. " 'The mere showing of a direct relationship between records sought and an investigation is inadequate.' " *King v Oakland Co Prosecutor*, 303 Mich App 222, 227; 842 NW2d 403 (2013), quoting *Evening News Ass'n v Troy*, 417 Mich 481, 503; 339 NW2d 421 (1983). Citizen complaints about a law enforcement agency, in and of themselves, do not constitute *internal* investigation records. Placing such complaints within officers' personnel records did not transform them into internal investigation records that insulated them from disclosure.

The trial court in this case did not err by first determining whether the citizen complaints qualified under the exemption for personnel records in MCL 15.243(1)(s)(ix). The trial court properly focused on the character of the requested documents rather than their location in reaching its conclusion. Further, once it decided that the complaints were not exemptible as personnel records despite defendant's labeling them as such, the trial court did have to conduct the public-interest balancing test. Moreover, under FOIA, a public agency *must* separate exempt and nonexempt material contained in a public record and make the nonexempt material available for examination and copying. See MCL 15.244(1). To the extent that defendant chooses to maintain citizen complaints within the personnel files of individuals about whom the complaints relate, such placement cannot shield the citizen-initiated complaint from disclosure. As this Court explained in *Newark Morning Ledger Co*, 204 Mich App at 219, the "location of the documents is not determinative of the applicability of the personnel records exemption." For these reasons we hold that the trial court did not err by ruling that citizen complaints do not constitute "personnel records" exemptible from disclosure under MCL 15.243(1)(s)(ix) and it appropriately ordered their disclosure.

## B.  PLAINTIFF'S CROSS-APPEAL

Plaintiff first argues that the trial court erred by ruling that disclosure of complaints by law enforcement personnel concerning the conduct of their fellow officers does not serve the public interest.  We disagree.

MCL 15.243(1)(s)(*ix*) permits a public body to exempt from disclosure personnel records of law enforcement agencies.  When applying MCL 15.243(1)(s)(*ix*), the trial courts must make the following two-pronged inquiry articulated in *Landry*, 259 Mich App at 420: determine first if the requested documents qualify as exemptible, and if so, then determine whether the public interest in protecting the records outweighs the public interest in disclosure.  In *Landry*, this Court explained that the exemption under subpart (*ix*) must be construed as "extending to all records of a personnel department."  *Id*. at 423.  In *Newark Morning Ledger*, 204 Mich App at 223, this Court concluded that "the Legislature intended that the internal affairs investigatory records requested by plaintiff fall within the meaning of the term 'personnel records of law enforcement agencies' as used in the FOIA."  Accordingly, the trial court in this case did not err by determining that internal complaints by law enforcement officers against fellow officers which resulted in internal affairs investigations qualified as exemptible personnel records under MCL 15.243(1)(s)(*ix*).

As required by *Landry*, the trial court next had to determine whether the public interest in protecting the records outweighed the public interest in reviewing them.  The trial court's opinion indicates that it weighed the evidence and arguments presented by the parties and decided that the public interest in disclosure of internal complaints did not outweigh the interest in nondisclosure.  The trial court explained that Chief Gale's affidavit testimony established justification for nondisclosure.  De novo review of the record confirms that Chief Gale provided particularized rationales for nondisclosure of officers' complaints about fellow officers because public disclosure would have a "chilling effect" on law enforcement officers who "are often reluctant to give statements about the conduct and actions of other officers," and disclosure would "severely hamper, if not destroy, the ability of the Department to conduct meaningful internal affairs investigations."  Further, Chief Gale testified that disclosure of such investigative records would have "a serious negative impact on officer morale and would impair the ability of the Department to properly function, as many people would assume the truth of the allegations made against an officer even if the allegations were deemed to be unfounded."  We conclude, as the trial court did, that defendant presented a complete particularized justification for nondisclosure and met its burden of establishing that the public interest in disclosure did not outweigh the public interest in nondisclosure.  We find no clear error in the trial court's determinations and hold that the trial court did not abuse its discretion by ruling that the investigative records related to internal complaints by defendant's police department's own law enforcement officers against fellow officers were exempt under MCL 15.243(1)(s)(*ix*).

Plaintiff also argues that the trial court erred by not ordering the disclosure of disposition reports or records documenting the results of investigations stemming from initial citizen complaints.  Plaintiff unquestionably sought disclosure of this category of documents.  Although the trial court recognized that plaintiff requested such documents, the trial court focused its analysis and ruling on the disclosure of the initial citizen complaints.  The record does not indicate that the trial court considered or determined whether such records constituted

exemptible personnel records under MCL 15.243(1)(s)(*ix*) as claimed by defendant in its generalized justification for withholding all requested records. Further, the record does not indicate whether the trial court conducted the public-interest balancing test respecting such records. Because the trial court did not address the pertinent issues related to disclosure of such documents, we are unable to determine whether such documents were exemptible or whether the public interest in disclosure outweighed the public interest in nondisclosure. As explained in *Federated*, 467 Mich at 111, trial courts are charged with making these determinations. The trial court should have done so and articulated its analysis. Accordingly, we reverse the trial court's ruling to the extent that the trial court's decision exempted this category of documents under MCL 15.243(1)(s)(*ix*) without engaging in the required two-prong analysis, and we remand this case to the trial court for additional proceedings regarding this category of requested documents.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ James Robert Redford