Zahra, J.
Plaintiff appeals as of right from an order granting summary disposition to defendant in this case involving the Michigan Freedom of Information Act (foia), MCL 15.231 et seq. We reverse and remand.
*166 I. PACTS
Plaintiff made an FOIA request to defendant, requesting inspection of bills, invoices, and related records of legal services paid for by defendant for city officials and employees who had been called before a federal grand jury or had met with agents of the Federal Bureau of Investigation (FBI). Defendant provided copies of these records, but redacted the names of the city officials and employees. Because defendant refused to disclose the names of the public officials and employees, plaintiff filed a complaint for declaratory and injunctive relief and a motion for summary disposition, arguing that the FOIA mandated disclosure of the names. The trial court denied plaintiffs motion and granted summary disposition to defendant under MCR 2.116(T)(2), ruling that the requested information was exempt from disclosure under the FOIA.
H. ANALYSIS
We review de novo a trial court’s decision on a motion for summary disposition. Van v Zahorik, 460 Mich 320, 326; 597 NW2d 15 (1999). “The trial court properly grants summary disposition to the opposing party under MCR 2.116(T)(2) if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law.” Washburn v Michailoff, 240 Mich App 669, 672; 613 NW2d 405 (2000). Whether a public record is exempt from disclosure under the FOIA is a mixed question of fact and law, and we review the trial court’s factual findings for clear error and review questions of law de novo. Messenger v Dep’t of Consumer & Industry Services, 238 Mich App 524, 530-531; 606 NW2d 38 (1999).
*167 The FOIA requires full disclosure of public records, unless those records are exempted under the act. Bradley v Saranac Community Schools Bd of Ed, 455 Mich 285, 293; 565 NW2d 650 (1997). The burden of proving need for an exemption rests on the public body asserting its application. Id. To meet this burden, the public body claiming an exemption should provide complete particularized justification, rather than simply repeat statutory language. Hyson v Dep’t of Corrections, 205 Mich App 422, 424; 521 NW2d 841 (1994).
Defendant claims to be exempt under the foia’s privacy exemption, MCL 15.243(l)(a), which states:
(1) A public body may exempt from disclosure as a public record under this act:
(a) Information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual’s privacy.
For information to be exempted under the foia’s privacy exemption, two factors must be established: the information sought must be of a “personal nature,” a determination that requires consideration of the customs, mores, or ordinary views of the community, and the disclosure of such information must constitute a clearly unwarranted invasion of privacy. Herald Co v Bay City, 228 Mich App 268, 288-289; 577 NW2d 696 (1998), rev’d in part on other grounds 463 Mich 111; 614 NW2d 873 (2000); see also Bradley, supra at 294. Information is of a “personal nature” if it reveals intimate or embarrassing details of an individual’s private life, as evaluated in terms of the customs, mores, or ordinary views of the community. Herald Co, supra, 463 Mich 123-124. Information not of a per *168 sonal nature is subject to disclosure without considering the second prong of the privacy exemption. Bradley, supra at 295.
In analyzing the first prong, consideration must be given not merely to the question whether the identifying information is of a personal nature. Rather, the inquiry must be broader, and must consider whether any information disclosed in association with identity is of a personal nature. For example, our Supreme Court determined that personnel documents of public school teachers and principals, which contained performance appraisals, disciplinary actions, and complaints relating to these employees’ accomplishments in their public jobs, did not contain information of embarrassing, intimate, private, or confidential nature and, thus, were not personal in nature and exempt from disclosure under the privacy exemption of the foia. Bradley, supra at 294-295. However, in Mager v Dep’t of State Police, 460 Mich 134, 143, 146-147; 595 NW2d 142 (1999), the Court determined that information concerning gun ownership was information of a personal nature and, thus, a listing of registered gun owners was exempt from disclosure. See also Detroit Free Press, Inc v Dep’t of State Police, 243 Mich App 218, 225-227; 622 NW2d 313 (2000) (where information concerning public officials’ applications for licensing to carry concealed weapons was likewise classified as information of a personal nature).
In this case, the question is whether the names of defendant’s officials and employees redacted from the documentation provided to plaintiff constitutes information of a personal nature given the fact that these names are associated with information concerning grand jury proceedings. Under Michigan’s FOIA, citi *169 zens are entitled to obtain information regarding the manner in which public employees are fulfilling their public responsibilities. See Mager, supra at 142-143. Here, the names sought were those of elected officials and city employees for whom defendant, a public body, had paid attorney fees in connection with their grand jury appearances or FBI interviews. This fact strongly suggests that the names and associated information constitute information concerning matters of legitimate public concern, rather than information of a personal nature.
Relying on this rational and reasonable assumption, plaintiff contends that the connection between the unidentified individuals and the grand jury probe relates only to these individuals’ public duties, and alleges that the grand jury investigation concerns possible corruption in defendant’s city government. Defendant, meanwhile, argues that despite plaintiff’s allegation, because of the secrecy surrounding such matters, no one can truly know the subject matter of the grand jury proceedings and, thus, there is no way to determine whether the individuals are involved because of their public employment status. While there may exist some question with respect to the full context of the investigation until the time any and all indictments are issued, the burden of demonstrating applicability of an exemption under the FOIA is squarely on defendant. See Bradley, supra at 293. We conclude that defendant has utterly failed to satisfy this burden.
Defendant relies on the mere claim that the secrecy of grand jury proceedings leaves room only for conjecture with respect to the subject matter of the investigation. Presenting no proofs indicating that the *170 investigation involves the conduct of its various officials and employees in their private lives, or, at minimum, an affidavit asserting that the inherent secrecy has wholly prevented it from gaining even basic information from its employees concerning the investigation’s context, defendant instead argues that the individuals connected to the investigation through disclosure of their names will become the subject of rumors and innuendo. On appeal, defendant recites one anecdotal example of a retired city employee who was not home when FBI agents showed up to speak with him. Defendant asserts that this individual was distraught over what his neighbors may have thought about the FBI seeking to question him. Contrary to defendant’s argument, however, we are not persuaded that this deleterious effect associated with the identification of a person connected to the investigation rises to the level of revealing intimate or embarrassing details of the individual’s private life. We conclude that given defendant’s limited argument and lack of proofs, the trial court clearly erred in finding that the information was of a personal nature.[1] Therefore, the court erred in determining that the privacy exemption is applicable.
We further conclude that the trial court erred in ruling that the information plaintiff requested is exempt from disclosure pursuant to MCL 15.243(l)(d), which provides an exemption for “[rjecords or information specifically described and exempted from disclosure by statute.” Defendant asserts that F R Crim P 6(e) is *171 a “statute” barring disclosure in the instant case. We disagree. The Legislature is presumed to have intended the meaning it plainly expressed. Nation v W D E Electric Co, 454 Mich 489, 494; 563 NW2d 233 (1997). Given that MCL 15.243(1)(d) plainly includes only statutes, and not rules of procedure, F R Crim P 6(e) cannot serve as a basis for exemption in this case. See Mager, supra at 143 (recognizing that the FOIA is a prodisclosure statute with narrowly construed exemptions); see also MCL 15.243(1)(h) (specifically exempting information subject to privileges recognized “by statute or court rule.” (Emphasis added.)[2]
m. CONCLUSION
In sum, defendant failed to carry its burden of demonstrating that production of the information sought *172 was exempt under the FOIA. Therefore, we reverse and remand for entry of judgment in favor of plaintiff. We do not retain jurisdiction.
Reversed and remanded.
Hood, J., concurred

 Moreover, even assuming the subject of the grand jury investigation relates to employees’ personal conduct, the investigation is of public concern because defendant utilized public funds to provide legal counsel for allegedly private matters.

 Moreover, nothing in F R Crim P 6(e) bars the disclosure of the names of the public employees and officials in this case. F R Crim P 6(e)(2) states:
General rule of secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.
Plaintiff is requesting the information from defendant, who paid for the city officials’ and employees’ attorneys. Plaintiff did not request information from any person bound to secrecy under F R Crim P 6(e)(2). Because neither grand jury witnesses, witnesses’ attorneys, witnesses’ employers, nor the people who paid for the witnesses’ attorneys are bound to secrecy under F R Crim P 6(e), defendant is not bound to secrecy in regard to the grand jury proceedings. Defendant is free to disclose witnesses’ names or other information from the grand jury proceedings.