# STATE OF MICHIGAN

# COURT OF APPEALS

EARL D. BOOTH,

        Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,

        Defendant-Appellee.

UNPUBLISHED
June 9, 2015

No. 324319
Court of Claims
LC No. 13-000173-MZ

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Plaintiff, Earl D. Booth, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) to defendant, Department of Corrections (the Department), on three of Booth's claims under the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq.* The trial court previously decided two other claims in Booth's favor. We affirm the trial court's grant of summary disposition in part, reverse in part, and remand.

## I. BACKGROUND FACTS

In January and February 2013, Booth requested through FOIA a prisoner's recorded phone conversation, a log of anyone who had listened to the recording, and two reports from the Department's Allegations, Investigations, Personnel Action System (AIPAS). After the Department denied Booth's requests, he filed his five-count complaint in the Saginaw Circuit Court. The Department moved for summary disposition under MCR 2.116(C)(8) and (10). The circuit court granted summary disposition to Booth on two counts and denied the Department's motion on the remaining three counts.

Our Legislature subsequently passed 2013 PA 164, which changed the composition and jurisdiction of the Court of Claims, and the Department transferred this case to the Court of Claims under MCL 600.6404(2) and (3). The Department then moved for summary disposition under MCR 2.116(C)(8) and (10) on Booth's remaining three counts. The trial court determined that the recorded telephone conversation and the AIPAS records were exempt from disclosure, granted summary disposition on those claims, and closed the case. Booth now appeals.

## II. SUBJECT-MATTER JURISDICTION

-1-

Booth contends that the trial court did not have subject matter jurisdiction to consider this case. We disagree.

Jurisdictional questions are questions of law that this Court reviews de novo. *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001). Subject-matter jurisdiction is the power of the court to decide the kind of case. *Bowie v Arder*, 441 Mich 23, 39; 490 NW2d 568 (1992). MCL 600.6419(1)(a) provides that the Court of Claims has exclusive jurisdiction to hear any statutory claim against the state or any of its departments.

In this case, Booth has stated claims against the Department, a department of the state of Michigan. He alleges that it violated FOIA, which is a statutory cause of action. We conclude that the Court of Claims had subject-matter jurisdiction to hear his case.

To the extent that Booth attempts to challenge the constitutionality of 2013 PA 164, we decline to review those issues. MCL 600.308(4) provides that this Court has exclusive original jurisdiction over any action challenging the validity of 2013 PA 164. If Booth seeks to have 2013 PA 164 declared unconstitutional, he must do so by filing an original action in this Court.

## III. SUMMARY DISPOSITION

Booth contends that the trial court improperly granted summary disposition on his claims involving the recording and the AIPAS reports because it improperly determined that these materials were exempt from FOIA disclosure. We disagree.

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. *Maiden*, 461 Mich at 120. A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

When reviewing whether a public record is exempt from disclosure under FOIA, we review de novo questions of law and review for clear error the trial court's factual findings. *Detroit Free Press v City of Warren*, 250 Mich App 164, 166; 645 NW2d 71 (2002). The trial court has clearly erred when this Court is definitely and firmly convinced that it has made a mistake. *King v Mich State Police Dep't*, 303 Mich App 162, 174-175; 841 NW2d 914 (2013). We review de novo issues of statutory interpretation. *Id.* at 175. When interpreting a statute, this Court applies unambiguous statutory language as written. *Id.*

The purpose of FOIA is to facilitate disclosure of public records held by public bodies. *Id.* at 176. "The FOIA requires full disclosure of public records, unless those records are exempted under the act." *Detroit Free Press*, 250 Mich App at 167. If a public body asserts an exemption, it has the burden to prove the existence of that exemption. *Id.* The purpose of exemptions is to balance the policy of full public disclosure with any significant privacy interests favoring nondisclosure. *King*, 303 Mich App at 176.

We conclude that the trial court did not properly grant summary disposition on Booth's claim regarding the recording. FOIA provides an exemption for private information. *Detroit Free Press*, 250 Mich App at 167; MCL 15.243(1)(a). To fall under this exemption, the information must be personal considering the customs, mores, or ordinary views of the community, and disclosure of the information must also constitute a "clearly unwarranted invasion of privacy." *Detroit Free Press*, 250 Mich App at 167. When weighing the public interests for and against disclosure, courts consider the extent to which disclosure would significantly contribute to public understanding of the operations and activities of government. *Mager v Dep't of State Police*, 460 Mich 134, 144-145; 595 NW2d 142 (1999). When a government claims that information is exempt under FOIA, the trial court should engage in a three-step process to review the exemption. *Evening News Ass'n v City of Troy*, 417 Mich 481, 515-516; 339 NW2d 421 (1983). As part of this process, the trial court should review the information in camera to determine whether the government is sufficiently justified in exempting the information. *Id*. at 516.

In this case, the recorded conversation took place during a phone call between a prisoner and his mother. However, Booth clarified at oral argument before this Court that a conversation between Booth and the prisoner may also be heard on the recording, and it is access to this specific conversation—not any private conversation between the prisoner and his mother—that Booth seeks. While the trial court determined that any private conversation between the prisoner and his mother was exempt under privacy grounds, portions of a record may be exempt while other portions are not, and in those instances the public body must separate the exempt and nonexempt materials. MCL 15.244(1). See *Evening News Ass'n*, 417 Mich at 493 n 8. In this case, where portions of the conversation may not be private and exempt, an in camera review of the recording is necessary to determine whether and to what extent the privacy exemption applies. Because the trial court did not review the recording, we conclude that it improperly granted summary disposition.[1]

However, we conclude that the trial court properly granted summary disposition on Booth's claims regarding the AIPAS records. FOIA provides an exemption for the "personnel records of employees of the department[.]" MCL 791.230a. Personnel records are records that relate to any facet of the employment process. See *Landry v City of Dearborn*, 259 Mich App 416, 422-423; 674 NW2d 697 (2003) (construing MCL 15.243(1)(s)(*ix*)). Whether the records are kept in an employee file or some other location is not determinative. *Newark Morning Ledger Co v Saginaw Co Sheriff*, 204 Mich App 215, 219; 514 NW2d 213 (1994). The storage of information outside a personnel file does not render that information subject to disclosure. See *id*. at 220.

---

[1] We note that, like the circuit court, we encounter an error when attempting to open the recording on the CD the Department provided and are therefore unable to access the recording for review. Accordingly, the Department should provide a new copy of this recording to the trial court on remand.

Booth attempts to strip the second modifier from MCL 791.260a to argue that records kept by the Department are not records "of the employees" because they are the internal records of the Department. This argument is unpersuasive. This Court reads statutory provisions in context. *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012). When read in context, this provision simply provides that the employees in question are employed by a department. In other words, when viewed in context, the modifier is descriptive, not restrictive.

According to Melody Wallace, AIPAS is a database that tracks the Department's investigations of employees to determine whether they have violated work rules and such reports address the employee's work performance. The Department keeps these records to evaluate employee performance. Therefore, the records relate to facets of the Department's employment process—employee investigation and discipline. We conclude that the trial court correctly determined that the AIPAS records are personnel records. See *Rataj v City of Romulus*, 306 Mich App 735, 754-755; 858 NW2d 116 (2014) (holding that internal incident reports are personnel records). Therefore, it properly granted summary disposition on Booth's claim.

## IV. ATTORNEY FEES

Booth contends that the trial court improperly closed the case before ruling on his request for attorney fees. We agree.

A party who prevails in part on an action to compel FOIA disclosure may be entitled to partial attorney fees. MCL 15.240(6). In this case, Booth requested attorney fees, and the circuit court's scheduling order provided that it would address fees "following the issuance of a final decision on the matter." Booth prevailed on two of his claims. But, likely due to the transfer of the court's jurisdiction mid-case, the trial court closed the case without affording Booth an opportunity to demonstrate his entitlement to partial attorney fees. We therefore remand for correction of this oversight. However, we note that unless Booth prevails on his claim regarding the recorded phone conversation, the present appeal was not necessary to compel disclosure of any requested information and Booth may not be entitled to appellate attorney fees. See *Rataj*, 306 Mich App at 756.

We affirm the trial court's grant of summary disposition on Booth's claim regarding the AIPAS records and reverse its grant of summary disposition regarding the recording. We remand for in camera review of the recording and for the trial court to consider Booth's entitlement to partial attorney fees. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

-4-