*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMY HJERSTEDT,

        Plaintiff-Appellant,

v

CITY OF SAULT STE. MARIE,

        Defendant-Appellee.

FOR PUBLICATION
August 22, 2024
9:30 a.m.

No. 358803
Chippewa Circuit Court
LC No. 20-016126-CZ

ON REMAND

Before: PATEL, P.J., and BORRELLO and SHAPIRO, JJ.

PATEL, P.J.

This case returns to us on remand from the Supreme Court to determine whether the City of Sault Ste. Marie Police Department's use-of-force policy is subject to disclosure under the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, or whether the policy reveals the contents of law enforcement staff manuals and thus is exempt from disclosure under MCL 15.243(1)(s)(*vi*). Previously, this Court held that the unredacted policy was not exempt from disclosure under MCL 15.243(1)(n) (because the policy did not contain a record of law enforcement communication codes or plans for deployment), MCL 15.243(1)(s)(*v*) (because the policy did not disclose law enforcement operational instructions), and MCL 15.243(1)(s)(*vii*) (because disclosure would not endanger the safety of law enforcement officers). *Hjerstedt v City of Sault Ste Marie*, 345 Mich App 573, 577, 594; 7 NW3d 102, rev'd in part, app den in part 513 Mich 925; 997 NW2d 451 (2023) (*Hjerstedt I*). However, because the trial court did not analyze MCL 15.243(1)(s)(*vi*) or rely on it in reaching its decision, this Court did not analyze whether the staff manual exemption applied to the city's use-of-force policy. *Id*. at 594 n 7.

On December 1, 2023, the Supreme Court denied the city's request to review our holding; however, in lieu of granting leave to appeal, the Court reversed Footnote 7[1] of our opinion and

___

[1] Footnote 7 of our prior opinion stated:

remanded the case to us with further instructions to remand the case to the trial court for consideration of whether the staff manual exemption in MCL 15.243(1)(s)(*vi*) applied to the city's use-of-force policy. *Hjerstedt v City of Sault Ste Marie*, 513 Mich 925; 997 NW2d 451 (2023) (*Hjerstedt II*). On remand, the trial court held that the staff manual exemption applies and prevents the unredacted disclosure of the city's use-of-force policy under FOIA.

We find that the trial court erred by concluding that the unredacted policy was exempt from disclosure under MCL 15.243(s)(*vi*). Accordingly, we reverse the court's grant of the city's motion for summary disposition under MCR 2.116(C)(10) and remand for further proceedings.

## I. FACTUAL BACKGROUND

George Floyd's death in May 2020 ignited a mass movement of citizens advocating for systemic change in law enforcement use-of-force procedures across the country. Weeks after Floyd's death, plaintiff, Amy Hjerstedt, requested a copy of the city's use-of-force policy under FOIA. Our prior opinion set forth the background to this case:

> On June 25, 2020, Hjerstedt submitted a FOIA request to the city seeking the "Sault Police use of force policy/standard." The city denied Hjerstedt's request, claiming that the policy was exempt from disclosure under MCL 15.243(1)(n) because "it would prejudice the city's ability to protect the public safety." Hjerstedt appealed the denial, asserting that MCL 15.243(1)(n) was misinterpreted because the use-of-force policy "does not include deployment plans or communication codes." The appeal was submitted to the city commission for consideration.
>
> The city's staff, including the city attorney and city manager, provided the city commission with an analysis and a recommendation to disclose the use-of-force policy with redactions. The staff maintained that the policy was part of the "general orders and policies for various basic operations" of the police department and included
>
> > information, which if made public, would inform individuals with criminal threat intent or resistance when and how an officer would use his or her training and the limitations therein in order to eliminate the threat or overcome the resistance presented. This information would allow the opportunity for a subject to overpower

---

The city also claims that the redacted material is exempt from disclosure under MCL 15.243(1)(s)(*vi*). But the trial court clearly rejected this argument because it only found that the material was exempt from disclosure under MCL 15.243(1)(n), (s)(*v*), and (s)(*vii*), and the city did not file a cross-appeal. Notwithstanding, we find no merit in the city's argument. [*Hjerstedt I*, 345 Mich App at 594 n 7.]

an officer's efforts to eliminate the threat or resistance, placing the officer and/or innocent citizen in jeopardy of severe injury or death.

The staff contended that the policy was exempt from disclosure because it (1) was an investigating record that would endanger the safety of law enforcement officers if disclosed, MCL 15.243(1)(b)(*vi*); (2) was a record of law enforcement communication codes or plans for deployment, MCL 15.243(1)(n); (3) disclosed law enforcement operational instructions, MCL 15.243(s)(*v*); (4) revealed the contents of law enforcement staff manuals, MCL 15.243(s)(*vi*); and (5) would endanger the safety of law enforcement officers if disclosed, MCL 15.243(s)(*vii*). But "given the social climate around Force of Use [sic] policies," the staff recommended releasing information that would not place the officers' safety in jeopardy. The city commission voted to release a redacted version of the policy. Hjerstedt received a heavily redacted copy of the policy.

Hjerstedt initiated this FOIA action challenging the decision. The city moved for summary disposition pursuant to MCR 2.116(C)(7) and (10), arguing that the redacted information was exempt from disclosure under MCL 15.243(1)(n), (s)(*v*), (s)(*vi*), and (s)(*vii*) and necessary "for the public and/or officer safety." The city relied on affidavits from the city's current and former police chiefs who claimed that the disclosure of the information

> would or could impact safety of the public and/or officers because it would inform individuals with criminal intent or those who resist know [sic] when and how an officer would use his or her training to respond and the limitations posed in order to eliminate the threat or to overcome the resistance presented.
>
> 7. The information if disclosed would or could impact safety of the public and/or officers because it would inform individuals with criminal intent or those who resist also know the factors that are important for the officer to consider in making a decision how to respond.
>
> 8. Armed with this information a potential suspect could circumvent the officer's actions thus placing both the suspect and officer in danger.

In response, Hjerstedt requested judgment as a matter of law under MCR 2.116(I)(2). She also filed a cross-motion for summary disposition pursuant to MCR 2.116(C)(9) and (10). She described the police chiefs' affidavits as "conclusory," "self-serving opinions" that did not actually "address the purported exemptions." She relied on unredacted use-of-force policies from the Michigan State Police, Department of Homeland Security, Michigan Association of Chiefs of Police, Lake County Sheriff Department, and Newaygo County Sheriff's Department that were available to the public online. Hjerstedt posited that the other departments' unredacted policies were nearly identical to the unredacted portions

of the city's policy. Because anyone could access unredacted copies of the other departments' policies, she asserted that the city's argument that disclosure of an unredacted copy of its policy would arm persons with information to circumvent officers' actions was meritless. Hjerstedt argued that the exemptions claimed by the city were inapplicable and that the public's interest warranted disclosure.

The city's police chief, Wesley Bierling, testified that he believed the redactions were necessary to protect the safety of officers and the public. Chief Bierling was not the city's police chief at the time that the redactions were made, and he was not the decision maker with regard to Hjerstedt's FOIA request. But he maintained that he would have made the same redactions. Consistent with his affidavit, Chief Bierling testified that the redacted information "could or would impact the safety of [the] officers and [the] public" because it could provide information on how the officers "may use force, may consider using force, or may react to certain situations, and what they would use in their decision-making process." He was not concerned about what other municipalities did with their policies, stating that it was "not an apples-to-apples comparison." He testified that when he makes a decision to redact public records, he "always err[s] on the side of caution" in order to ensure officer safety.

In addition to the evidence and testimony presented by the parties, the trial court reviewed an unredacted copy of the city's use-of-force policy *in camera*. The court found that the redacted portion of the policy involved "tactics and techniques or operational guidelines and according to the affidavit of former City Police Chief, John Riley, disclosure of the information would impact the public and/or officer safety because it would use his or her training to respond and the limitations posed in order to eliminate the threat or to overcome the resistance presented." The court noted that the former chief's decision was supported by Chief Bierling. The court found "that the [d]isclosure of the unredacted Use of Force Policy would or could in fact impact the officer's [sic] ability to protect the public and/or themselves. The safety of the Sault Ste. Marie Police Officers' safety [sic] is paramount and consequently the public interest is outweighed in the disclosure of said policy." The trial court granted the city's motion for summary disposition and dismissed Hjerstedt's complaint, concluding that the city's decision to redact the policy fit within the exemptions set forth in MCL 15.243(1)(n), (s)(*v*), and (s)(*vii*). . . . [*Hjerstedt I*, 345 Mich App 578–82 (alternations in original) (footnotes omitted).].

On appeal, this Court reversed the trial court, and held that the city's use-of-force policy was not exempt from disclosure under MCL 15.243(1)(n), (s)(*v*), and (s)(*vii*). *Id.* at 577, 594. The Supreme Court denied the city's application for leave to appeal the substantive portions of this Court's judgment analyzing each exemption, but the Court reversed Footnote 7 of our opinion and remanded the case to us with further instructions to remand the case to the trial court for consideration of whether the staff manual exemption in MCL 15.243(1)(s)(*vi*) applied to the city's use-of-force policy. *Hjerstedt II*, 513 Mich at 925.

This Court remanded the case to the trial court with instructions to consider whether the staff manual exemption in MCL 15.243(1)(s)(*vi*) applies.[2] On remand, the court held that the staff manual exemption applies and precludes unredacted disclosure of the policy, reasoning:

> The specific exemption at issue here pertains to tactical strategies of law enforcement and set forth in MCL 15.243(1)(s)(*vi*). MCL 15.243(1)(s)(*vi*) provides that public records of a law enforcement agency may be withheld when they:
>
> > Reveal the contents of staff manuals provided for law enforcement officers or agents; MCL 15.243(1)(s)(vi)[.]
>
> In this case, pursuant to a meeting of the Commission and upon recommendation of City Police staff, the City produced a redacted copy of the City Police Department's Use of Force Policy. The portion redacted deals with tactics and techniques or operational guidelines and according to the affidavit of former City Police Chief, John Riley, disclosure of the information would impact the public and/or officer safety because it would use his or her training to respond and the limitations posed in order to eliminate the threat or to overcome the resistance presented. As newly hired City Police Chief Wesley Bierling testified, he supports the decision. Chief Bierling indicates that the disclosure of this information poses a threat of injury to both the suspect and the officer. Further testifying that if withholding of the information would or could save one life or one injury it is worth the public's interest in nondisclosure.
>
> In addition to the foregoing, in interpreting the specific wording of exemption MCL 15.243(1)(s)(vi), the Court needs to assess whether the disclosure of the public record (in this case public records pertaining to "Sault Police use of force policy /standard") would reveal the "contents" of "staff manuals" provided for law enforcement officers or agents. It is clear in this case that the redacted portions of the Policy are in fact "contents" of a "staff manual" provided for the law enforcement officers. A Police "staff manual" can certainly be described as a book or set of policies (i.e. "contents") that tell the law enforcement officers how to do something and as such, the Policy in this case certainly falls within that exemption at least as to the common place use of terms used therein. Such being the case, the matter rests with whether the public interest is outweighed in the nondisclosure of the Policy.
>
> After careful review of the Policy and the plain language of the statute, together with the testimony of the former and current Chiefs of Police that disclosure would or could in fact impact the officer's ability to protect the public and/or themselves, the Use of Force Policy qualifies for the staff manual exemption of MCL 15.243(1)(s)(*vi*). As such, the City's decision to provide Plaintiff with a

---

[2] *Hjerstedt v City of Sault Ste Marie*, unpublished order of the Court of Appeals, entered January 25, 2024 (Docket No. 358803).

redacted copy of the policy is supported by law and fits within the exemption set forth in MCL 15.243(1)(s)(*vi*), specifically.

This Court permitted the parties and amici American Civil Liberties Union and the Michigan Press Association to file supplemental briefs after remand.[3] The matter is now back before this Court for further review.

## II. STANDARD OF REVIEW

The applicable standard was articulated in our prior opinion:

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). In this case, the trial court did not expressly indicate whether it granted the city's motion under MCR 2.116(C)(7) or (10), but because it considered affidavits and testimony beyond the pleadings, we can fairly surmise that the motion was granted under MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270, 826 NW2d 519 (2012). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Woodring v Phoenix Ins Co,* 325 Mich App 108, 113; 923 NW2d 607 (2018). We consider all evidence submitted by the parties in the light most favorable to the non-moving party. *El-Khalil*, 504 Mich at 160. Summary disposition under MCR 2.116(C)(10) is only appropriate when there is no genuine issue of material fact. *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013).

The interpretation and application of a statute is a question of law that we review de novo. *Boyle v Gen Motors Corp*, 468 Mich 226, 229; 661 NW2d 557 (2003). We likewise review "de novo whether the trial court properly interpreted and applied the FOIA." *Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 621; 950 NW2d 484 (2019). The court's factual findings underlying its application of FOIA are reviewed for clear error. *Id*. "Clear error exists only when the appellate court is left with [the] definite and firm conviction that a mistake has been made." *Herald Com Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 471; 719 NW2d 19 (2006) (quotation marks and citation omitted). "[C]ertain FOIA provisions require the trial court to balance competing interests." *Id*. at 470. When we review "a decision committed to the trial court's discretion, such as the balancing test at issue in [FOIA] case[s], we "must review the discretionary determination for an abuse of discretion and cannot disturb the trial court's decision

---

[3] *Hjerstedt v City of Sault Ste Marie*, unpublished order of the Court of Appeals, entered April 1, 2024 (Docket No. 358803); *Hjerstedt v City of Sault Ste Marie*, unpublished order of the Court of Appeals, entered April 24, 2024 (Docket No. 358803).

unless it falls outside the principled range of outcomes." *Id*. at 472. [*Hjerstedt I*, 345 Mich App at 582–83.]

## III.  ANALYSIS

Hjerstedt argues that the trial court erred in holding that the staff manual exemption under MCL 15.243(1)(s)(*vi*) applies and prevents disclosure of the unredacted use-of-force policy.  We agree.

Michigan has a strong public policy favoring public access to government information and grants the public an opportunity to "examine and review the workings of government and its executive officials." *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 641; 591 NW2d 393 (1998).  Consistent with this policy, FOIA commands that persons "are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees . . . so that they may fully participate in the democratic process."  MCL 15.231(2).  Although certain information may be exempt from disclosure, the exemptions stated in § 13 are not intended to shield public bodies from the transparency that FOIA was designed to foster.  "On its express terms, the FOIA is a prodisclosure statute, and the exemptions stated in § 13 are narrowly construed." *Herald Co v Bay City*, 463 Mich 111, 119; 614 NW2d 873 (2000).  See also *Sole v Michigan Economic Development Corp*, 509 Mich 406, 413; 983 NW2d 733 (2022); *Mager v Dep't of State Police*, 460 Mich 134, 143; 595 NW2d 142 (1999); *Swickard v Wayne Co Med Examiner*, 438 Mich 536, 544; 475 NW2d 304 (1991).

The public body has the burden of proving the applicability of any statutory exemption that it claims applies to a FOIA request. *Detroit Free Press, Inc v Southfield*, 269 Mich App 275, 281; 713 NW2d 28 (2005).  "To meet this burden, the public body claiming an exemption should provide complete particularized justification, rather than simply repeat statutory language." *Detroit Free Press v Warren*, 250 Mich App 164, 167; 645 NW2d 71 (2002).

On remand, the trial court concluded, without any detailed analysis, that the redacted material was exempted from disclosure under MCL 15.243(1)(s)(*vi*), which exempts "the contents of staff manuals provided for law enforcement officers or agents" from disclosure "[u]nless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance[.]"  The trial court reasoned:

> It is clear in this case that the redacted portions of the Policy are in fact "contents" of a "staff manual" provided for the law enforcement officers.  A Police "staff manual" can certainly be described as a book or set of policies (i.e. "contents") that tell the law enforcement officers how to do something and as such, the Policy in this case certainly falls within that exemption at least as to the common place use of terms used therein.

FOIA does not define "staff manuals," and there is no caselaw interpreting this subparagraph.  Thus, resolution of this issue requires us to interpret this statutory exemption.  "The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental*

*Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). When determining the meaning of a statute's plain language, we examine "the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme." *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017). "Where the statutory language is unambiguous, the plain meaning reflects the Legislature's intent and the statute must be applied as written." *Honigman Miller Schwartz & Cohn LLP v City of Detroit,* 505 Mich 284, 294; 952 NW2d 358 (2020) (cleaned up). Further, FOIA's exemptions "must be narrowly construed to serve the policy of open access to public records." *Mich Open Carry,* 330 Mich App at 625.

We do not quibble with the trial court's definition of a staff manual. Indeed, the common understanding of a staff manual can be described as a book or compendium of policies given to staff (e.g., law enforcement officers), informing them about workplace expectations and instructions on how to conduct business. The term "staff manual" thus could plausibly be read as being synonymous with an employee handbook. Such handbooks routinely contain workplace policies, such as antidiscrimination policies, sexual harassment policies, workplace leave policies, and, in the specific context of law enforcement agencies, use-of-force policies.

However, there is no evidence in the record that the city's use-of-force policy is contained in a staff manual or handbook that was disseminated to law enforcement officers. Rather, it is part of a standing general order that was issued on June 18, 2013. The policy is titled, "General Order" and simply states "13-02 Use of Force" in the upper right corner of the first page. There was no evidence that this stand-alone order was part of an employee handbook or "staff manual." In fact, no staff manual was presented to the trial court during the evidentiary hearing. The only evidence that the city presented to establish that the policy was a "staff manual" was Chief Bierling's conclusory statement that he considered it to be a staff manual without any further explanation. As the party asserting the exemption, the city has the burden of establishing its applicability. *Detroit Free Press, Inc*, 269 Mich App at 281.

We conclude that the term "staff manual" was intended to be used synonymously with terms such as "employee handbook" and be limited to tools provided to employees to outline terms of employment, internal employment-related procedures, and, at times, workplace policies. The city's use-of-force policy is contained in a stand-alone general order that does not fit within this definition and thus was not exempt from disclosure under subparagraph (s)(*vi*). Because we find that the redacted portions of the use-of-force policy are not part of a staff manual, it is unnecessary for us to consider the balancing test set forth in MCL 15.243(1)(s)(*vi*).[4]

---

[4] Although we do not need to reach the issue, it is unlikely that the city could establish that the public's interest in nondisclosure outweighed the public's interest in disclosure of the unredacted portions of the use-of-force policy. The trial court failed to recognize, much less analyze and weigh, the public's compelling interest in understanding when and how police officers are authorized to use force, and the evidence did not establish that any meaningful risk would be posed to the safety of the police by disclosure. The trial court premised its conclusion that disclosure of the policy would or could impact an officer's ability to protect the public or themselves, and thus

## IV. CONCLUSION

The trial court clearly erred by finding that the unredacted policy was exempt from disclosure under MCL 15.243(1)(s)(*vi*). We reverse the trial court's grant of summary disposition in favor of the city, and we remand for entry of judgment in favor of Hjerstedt. On remand the trial court shall: (1) order disclosure of the unredacted use-of-force policy; (2) award Hjerstedt reasonable attorney fees, costs, and disbursements under MCL 15.240(6); and (3) determine whether Hjerstedt is entitled to punitive damages under MCL 15.240(7).

Reversed and remanded for further proceeding consistent with this opinion. We do not retain jurisdiction. Hjerstedt, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Sima G. Patel
/s/ Stephen L. Borrello

Shapiro, J., not participating, having retired from the Court of Appeals effective March 15, 2024.

---

weighed in favor of nondisclosure, by reasoning that "[t]he portion redacted deals with tactics and techniques or operational guidelines" and "disclosure of the information would impact the public and/or officer safety." The trial court's foundational reasoning is inconsistent with this Court's decision in *Hjerstedt I*, which remains binding published authority, not to mention the law of the case here. See *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021) (an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals). As to whether the policy contained operational instructions, this Court unequivocally determined that it did not. *Hjerstedt I*, 345 Mich App at 590. This Court also determined that, contrary to the arguments made by the city, the city did not present evidence to support that disclosure of the unredacted policy would endanger the life or safety of law enforcement officers. *Id*. at 593-594.